Patricia L. Glaser, State Bar No. 55668
G. Jill Basinger, State Bar No. 195739
David Sergenian, State Bar No. 230174
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Defendants
*SWEETPEA ENTERTAINMENT, INC.*
*and SWEETPEA B.V.I. LTD.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| HASBRO, INC., a Rhode Island corporation; and WIZARDS OF THE COAST LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> SWEETPEA ENTERTAINMENT, INC., a Delaware corporation; and SWEETPEA B.V.I. LTD., a British Virgin Island corporation, <br><br> Defendants. | CASE NO.  13-CV-03406-DMG (JCGx) <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [Separate Statement of Undisputed Material Facts and Conclusions of Law, Declaration of G. Jill Basinger] <br><br> Date:        July 26, 2013 <br> Time:       2:00 p.m. <br> Ctrm:       7 <br><br> Complaint Filed:   May 13, 2013 |

*Glaser Weil Fink Jacobs*
*Howard Avchen & Shapiro LLP*

810148

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on July 26, 2013, at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 7 by the Honorable Dolly M. Gee of the United States District Court for the Central District of California, located at 312 North Spring Street  Los Angeles, California 90012, defendants Sweetpea Entertainment, Inc. and Sweetpea, B.V.I., LTD ("Defendants") will, and hereby do, move for summary judgment against plaintiffs Hasbro, Inc., and Wizards of the Coast LLC ("Plaintiffs") as to all claims in the Complaint, or in the alternative, partial summary judgment  on any one of Plaintiffs' claims.  This Motion is brought on the grounds that there is no genuine issue of material fact, and that Defendants are entitled to judgment as a matter of law as follows:

Plaintiffs cannot prove their First Cause of Action for Copyright Infringement. As licensees of the copyrights at issue, Defendants cannot be liable for infringement. Further, Plaintiffs cannot establish that the copyrighted works alleged to be infringed are substantially similar to the allegedly infringing work.  Plaintiffs also cannot prove which, if any, of Hasbro's copyrights were actually infringed.

Plaintiffs cannot prove their Second Cause of Action for Trademark Infringement and Third Cause of Action for False Designation of Origin.  As licensees of the trademarks at issue, Defendants cannot be liable for trademark infringement.  Plaintiffs cannot establish that the allegedly infringing work actually contained Plaintiffs' trademarks.  Plaintiffs also cannot establish that Defendants used the trademarks in interstate commerce.

Plaintiffs cannot prove their Fourth Cause of Action for Trademark Dilution. As licensees of the trademarks at issue, Defendants cannot be liable for trademark infringement.  Further, Defendants cannot prove that Defendants are currently "making commercial use of the mark in commerce," or that the alleged "use" would present a "likelihood of dilution of the distinctive value of the mark."

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   Plaintiffs' claim for declaratory relief should be summarily adjudicated in favor

2   of Defendants.  Under the license agreement, Plaintiffs were required to provide

3   Sweetpea with written notice that its sequel rights would be reverting to Hasbro.  In

4   addition to notice pursuant to the license agreement, Sweetpea was afforded an

5   opportunity to cure any pending reversion of rights and/or breach of the license

6   agreement.  Plaintiffs' failure to follow the license agreements' contractually required

7   notice and opportunity to cure provision mandates summary adjudication of the

8   declaratory relief claim in favor of Defendants. Additionally, as a matter of law,

9   defendants' declaratory relief claim is not justiciable because there is no evidence that

10  Defendants have engaged in any actual or imminent violation of Plaintiffs' copyrights

11  or trademarks.

12  Pursuant to Local Rule 7-3, Defendants' counsel met and conferred

13  telephonically with Plaintiffs' counsel on June 10, 2013.  The parties were unable to

14  resolve their differences, and Defendants filed this Motion.  (Declaration of G. Jill

15  Basinger, ¶ 2.)

16  The Motion is based upon this Notice of Motion and Motion; the

17  accompanying Memorandum of Points and Authorities; the Separate Statement of

18  Undisputed Material Facts, and Declaration of G. Jill Basinger, filed concurrently

19  herewith; the pleadings and other papers filed in this action, and upon such other

20  argument and evidence as may be presented to the Court.

21  DATED:  June 17, 2013               GLASER WEIL FINK JACOBS
                                         HOWARD AVCHEN & SHAPIRO LLP
22

23

24                                  By:  /s/ G. Jill Basinger

25                                       PATRICIA L. GLASER

26                                       G. JILL BASINGER
                                         DAVID SERGENIAN
27                                       *Attorneys for Defendants Sweetpea
                                         Entertainment, Inc. and Sweetpea B.V.I.
                                         Ltd.*

28

810148

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND .................................................................................. 3

   **A.** The *Dungeons & Dragons* Trademarks And Copyrights .......................... 3

   **B.** The License Agreement ................................................................ 3

   **C.** Hasbro's Lawsuit ....................................................................... 5

III.  STANDARD OF REVIEW ................................................................... 5

IV.   ARGUMENT ...................................................................................... 6

   **A.** Sweetpea's Use of the D&D Property Is Authorized Under a License Agreement Because Hasbro Did Not Send Sweetpea a Notice of Reversion or Opportunity to Cure ................................................... 6

   **B.** Summary Judgment of Hasbro's Copyright Claim Should Be Granted Because Hasbro Cannot Establish an Allegedly Infringing Work ........... 8

   **C.** Summary Judgment of Hasbro's Copyright Claim Should Be Granted Because Hasbro Cannot Identify the Particular Elements in the D&D Copyrights that Allegedly Are Infringed ............................................... 11

   **D.** Summary Judgment of Hasbro's Trademark Claims Should Be Granted Because Hasbro Cannot Establish an Alleged Use of the Trademarks ................................................................................. 12

   **E.** Summary Judgment of Hasbro's Declaratory Relief Claim Should Be Granted Because There is No Actual Controversy ................................. 13

V.    CONCLUSION ................................................................................. 15

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

810148

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) ............................................................................................ 6

*Cavalier v. Random House, Inc.,*
297 F.3d 815 (9th Cir. 2002) ............................................................................. 9

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) ....................................................................................... 5, 6

*Cleary v. News Corp.,*
30 F.3d 1255 (9th Cir. 1994) ........................................................................... 12

*Fairbank v. Wunderman Cato Johnson,*
212 F .3d 528 (9th Cir. 2000) ..................................................... 5, 8, 11, 13, 14

*Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.,*
499 U.S. 340 (1991) ........................................................................................... 9

*Jada Toys, Inc. v. Mattel, Inc.,*
518 F.3d 628 (9th Cir. 2008) ........................................................................... 13

*L.A. Printex Industries, Inc. v. Aeropostale, Inc.,*
676 F.3d 841 (9th Cir. 2012) ....................................................................... 9, 10

*Lewis Galoob Toys, Inc. v. Nintendo of America, Inc.,*
964 F.2d 965 (9th Cir. 1992) ........................................................................... 10

*Litchfield v. Spielberg,*
736 F.2d 1352 (9th Cir. 1984) ........................................................................... 9

*Mattel, Inc. v. MGA Entertainment, Inc.,*
616 F.3d 904 (9th Cir. 2010) ........................................................................... 10

*name.space, Inc. v. Internet Corp. for Assigned Names & Numbers,*
CV 12-8676 PA PLAX, 2013 WL 2151478 (C.D. Cal. Mar. 4, 2013) ................... 14

*Network Automation, Inc. v. Advanced Systems Concepts, Inc.,*
638 F.3d 1137 (9th Cir. 2011) ......................................................................... 12

*New West Corp. v. NYM Co. of California, Inc.,*
595 F.2d 1194 (9th Cir. 1979) ......................................................................... 12

*NTN Communications v. Interactive Network, Inc.,*
1995 WL 569419 (N.D. Cal. Aug. 17, 1995) .................................................... 13

*Rice v. Fox Broadcasting Co.,*
330 F.3d 1170 (9th Cir. 2003) ........................................................................... 9

*Seiler v. Lucasfilm, Ltd.,*
808 F.2d 1316 (9th Cir. 1987) ..................................................................... 9, 11

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

DEFENDANTS' NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT

810148

*Sobini Films v. Tri-Star Pictures, Inc.*,
    Case No. CV 01-06615 ABC (RNBx), 2001 U.S. Dist. LEXIS 23509
    (C.D. Cal. Nov. 21, 2001) ............................................................................ 13

*Stewart v. Wachowski*,
    574 F. Supp. 2d 1074 (C.D. Cal. 2005) ................................................. 10, 11

*Sun Microsystems, Inc. v. Microsoft Corp.*,
    188 F.3d 1115 (9th Cir. 1999) ...................................................................... 7

*Surface Tech., Inc. v. Sae-A Trading Am. Corp.*,
    Case No. CV 10-6982 CAS (PJWx), 2011 U.S. Dist. LEXIS 10127
    (C.D. Cal. Nov. Jan. 26, 2011) .................................................................. 11

*Swedlow, Inc. v. Rohm & Haas Co.*,
    455 F.2d 884 (9th Cir. 1972) ...................................................................... 14

*Tarin v. County of Los Angeles*,
    123 F.3d 1259 (9th Cir. 1997) ...................................................................... 5

*Thane Intern., Inc. v. Trek Bicycle Corp.*,
    305 F.3d 894 (9th Cir. 2002) ...................................................................... 12

## **FEDERAL STATUTES**

15 U.S.C. § 1125 ........................................................................................... 12

15 U.S.C. § 1127 ........................................................................................... 13

28 U.S.C. § 2201 ........................................................................................... 14

## **FEDERAL RULES**

Fed. R. Civ. P. 56 .................................................................. 5, 8, 11, 13, 14

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

iii

810148

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiffs have not, and cannot, identify an infringing work or which of its protectable elements were infringed.  Additionally, even if Plaintiffs could establish use of their intellectual property (they cannot), such use is permitted.  Defendants hold a valid license in the infringed intellectual property at issue.  The license cannot revert until Defendants give Plaintiffs notice that the license was to revert and provide Defendants an opportunity to cure.  Defendants did not comply with this notice and cure provisions.  Summary judgment should be entered against Plaintiffs.

The essence of Hasbro, Inc. and Wizards of the Coast LLC's (collectively, "Hasbro") complaint is the allegation that Defendants Sweetpea Entertainment Inc. and Sweetpea B.V.I. Ltd. ( "Sweetpea") have infringed Hasbro's purported copyrights and trademarks relating to the *Dungeons & Dragons* board game by developing a sequel to its 2000 film *Dungeons & Dragons*.  There is no dispute that Sweetpea was authorized to make the 2000 film.  In 1994, Hasbro's predecessor granted Sweetpea a worldwide non-exclusive license—in perpetuity—to produce a motion picture using Hasbro's copyrights and trademarks relating to *Dungeons & Dragons*.  The parties then amended the license agreement to allow Sweetpea to produce—again, in perpetuity—sequels, prequels or remakes of the *Dungeons & Dragons* film. Sweetpea's potential sequel to the *Dungeons & Dragons* movie is authorized by the license agreement.

Hasbro argues that Sweetpea's license reverted because of the fact that the license agreement provides that some of Sweetpea's rights revert to Hasbro if Sweetpea did not release a sequel within a specified period of time following the preceding *Dungeons & Dragons* film.[1]  That reversion of rights, however, only occurs

---

[1]  As background, the Original *Dungeons & Dragons* film was released by Sweetpea on December 8, 2000.  Two sequels were also released by Sweatpea.  *Wrath of the Dragon God* ("*Dragon God*") was released on October 8, 2008 and *The Book of Vile Darkness*

810148

if Hasbro provides Sweetpea with written notice of the potential termination of the license.  Moreover, termination of Sweetpea's license is only effective if Sweetpea does not commence principal photography of a sequel within 60 days after receiving the written notice.  In other words, Hasbro was required to give Sweetpea notice and an opportunity to cure.  ***Hasbro has never provided written notice of its intent to terminate the license, nor has Hasbro provided Sweetpea an opportunity to cure***, and therefore Sweetpea is still licensed under the license agreement.  Sweetpea's license is fatal to each claim in the Complaint.  Summary judgment, therefore, must be granted on each claim in light of the license agreement.

In addition to the fatal flaw of Sweetpea possessing an existing license in the intellectual property at issue, summary judgment must also be granted on Hasbro's copyright claim because Hasbro has no evidence of specific, protectable elements of a copyrighted work that are present in an allegedly infringing work.  To establish a prima facie case of copyright infringement, a plaintiff needs to juxtapose the specific elements of a copyrighted work with an infringing work.  Here, Hasbro merely alleges that Sweetpea is in "discussions" to produce a *Dungeons & Dragons* sequel based on a script entitled *Chainmail*.  Even though Hasbro admits it received a copy of the *Chainmail* script, there is no evidence that *Chainmail*—or any other work— contains specific elements that are also present in any Hasbro copyrighted work.  In fact, there is no evidence of any copyrighted work.  Instead, Hasbro merely refers in the complaint to 1500 copyrights without specifying which ones allegedly are infringed.

---

("*Vile Darkness*") on November 24, 2012.  (Compl., ¶¶ 9–10, 44–49.)  Both movies were released on the Syfi Channel.  (Compl., ¶¶ 44–46.).  In the Complaint Hasbro argues that these movies were insufficient for Sweetpea to maintain its license and the reversion was triggered.  (Compl. ¶¶ 50–53, 93.)  The issue of whether or not the movies released by Sweetpea were sufficient to maintain its license is not addressed in this motion for summary judgment.

DEFENDANTS' NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

For similar reasons, summary judgment on Hasbro's trademark claims must be granted: Hasbro has no evidence that Sweetpea has "used" Hasbro's trademarks. Hasbro's trademarks are "Dungeons & Dragons" and "D&D."  Hasbro cannot establish, or even allege that its trademarks have been "used."  Without evidence of "use," Hasbro cannot establish a prima facie case of trademark infringement.

Finally, summary judgment should be granted on Hasbro's claim for declaratory relief because Sweetpea has not released or produced a *Dungeons & Dragons* sequel.  Accordingly, because there is no actual or imminent copyright or trademark violation, the declaratory relief claim is not justiciable.

## II.   <u>BACKGROUND</u>[2]

### A.   The *Dungeons & Dragons* Trademarks And Copyrights

Originally published in 1974 by Tactical Studies Rules, Inc. ("TSR"), *Dungeons & Dragons* ("D&D") is a fantasy role-playing game, in which players portray heroes, solve problems, and collaborate in imaginary adventures using multi-sided dice and intricate rules.  (Compl., ¶¶ 19-20.)  TSR's interests in the D&D Property include the trademarks in the title, *Dungeons & Dragons* and *D&D* ("D&D Trademarks") and more than 1500 registered copyrights (collectively, the "D&D Property").  (Compl., ¶ 20, Exs. D-E.)

### B.   The License Agreement

In May 1991, TSR granted Sweetpea Entertainment Corporation ("SEC") an option to license copyrights and trademarks based on the D&D Property (the "Option Agreement").  (Compl., ¶ 24.)  The Option Agreement included a form license agreement, which would become effective upon SEC's exercise of the Option Agreement.  (Compl., ¶ 24.)  On January 5, 1993, the form license agreement was replaced with a new license agreement (the "Agreement").  (Compl., ¶ 25.)  On

---

[2] Unless included within the Separate Statement, the facts discussed in this section come from the Complaint, are included solely to provide context and background information, and for the purposes of this motion only are taken as true.

810148

December 15, 1993, SEC assigned these rights to Defendant Sweetpea B.V.I. Ltd. ("Sweetpea").  (Compl., ¶ 26.)  On or about September 2, 1994, Sweetpea exercised its option, and the Agreement went into effect.  (SSMF ¶ 1, Compl., ¶ 28.)

The Agreement granted SEC an "irrevocable, universe-wide" license to use the D&D Property in "perpetuity," to make one motion picture based on the D&D Property.  (SSMF 2, Agmt., ¶ 2; Compl., ¶ 24.)  The Agreement provided that SEC's license would revert to TSR if the motion picture was not commenced within three years; however, for the reversion to be effective, the Agreement required TSR to provide SEC with formal notice and an opportunity to cure any impending reversion or claim of a default:

> In the event that a motion picture or television production (i.e., principal photography) based on the Property has not commenced within three (3) years from the date after the Option is exercised by Licensee, … then Licensor shall have the right to elect to terminate this Agreement ***by written notice to Licensee not less than thirty (30) days after such three (3) year period and such notice shall become effective as of the 60th day after Licensee's receipt of same, unless Licensee, its successor or assigns commence production (i.e., principal photography) within sixty (60) days after receipt by Licensee of said notice***.

(SSMF ¶ 3, Agmt., ¶ 15 (emphasis added).)

On or around March 19, 1998, TSR and Sweetpea amended the Agreement (the "First Amendment").  (SSMF ¶ 6, Compl., ¶ 30.)  The First Amendment specified the timing of the production of the Picture and granted Sweetpea the right to make sequels, prequels, or remakes based on the Picture (the "Sequel Rights").  (SSMF ¶ 7, First Amend., ¶¶ 1, 6.)  Unless Sweetpea exercised its Sequel Rights by periodically making sequels, prequels, and remakes of movies based on *Dungeons & Dragons*, those rights would "revert on a rolling basis … to TSR on the earlier of (i) five (5)

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

810148

years of the initial U.S. release or (ii) seven (7) years from final director's cut of the immediately prior picture."  (SSMF ¶ 7, First Amend., ¶ 6.)

On or around June 8, 1998, TSR and Sweetpea entered into the Second Amendment, which included an integration clause, stating that the Agreement and both of its amendments constituted a "valid, binding, enforceable, and fully integrated agreement between the parties."  (SSMF ¶ 10, Second Amend., ¶ 12.)  Neither the First nor the Second Amendment altered the notice and opportunity to cure requirements of Paragraph 15 of the original Agreement.  (SSMF ¶¶ 9, 11; *see generally* First Amendment and Second Amendment.)

### C.  Hasbro's Lawsuit

On May 13, 2013, Plaintiffs filed the Complaint in this Court alleging that Sweetpea has infringed Hasbro's copyrights and trademarks by working on development of another possible sequel to the *Dungeons & Dragons* motion picture. The Complaint asserts five causes of action for copyright infringement, trademark infringement, false designation of origin, trademark dilution, and declaratory relief. (Compl., ¶¶ 61-98.)  Hasbro cannot establish, and has not even alleged that it provided written notice to Sweetpea electing to terminate the Agreement.  (SSMF ¶¶ 13, 14.)

## III.  <u>STANDARD OF REVIEW</u>

In federal court, summary judgment is required under Fed. R. Civ. P. 56(c) when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact.  *See Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir. 1997).  The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  That burden may be met by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325; *Fairbank v. Wunderman Cato Johnson*, 212 F .3d 528, 532 (9th Cir. 2000) (holding that the *Celotex* "showing"

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

5

810148

can be made by "pointing out through argument the absence of evidence to support plaintiff's claim"); *see also* Fed. R. Civ. P. 56(c)(1)(B) (a party asserting that a fact cannot be disputed may support the assertion by showing "that an adverse party cannot produce admissible evidence to support the fact."); Committee Notes on Rule 56—2010 Amendment ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. … [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").  Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial. *See Celotex*, 477 U.S. at 323-24; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## IV.   **ARGUMENT**

### A.   **Sweetpea's Use of the D&D Property Is Authorized Under a License Agreement Because Hasbro Did Not Send Sweetpea a Notice of Reversion or Provide Sweetpea an Opportunity to Cure**

Sweetpea is entitled to summary judgment on Hasbro's entire complaint because each of Hasbro's claims is defeated by Sweetpea's license to use the D&D Property in perpetuity in connection with a sequel to the *Dungeons & Dragon* motion picture.  Each of Hasbro's claims is predicated on the assumption that Sweetpea is not authorized to use the D&D Property.  But under the express terms of the license agreement between the parties (the "Agreement"), Sweetpea is licensed to use every copyright and trademark at issue in this lawsuit in connection with a *Dungeons & Dragons* sequel film.

The Agreement granted Sweetpea an "irrevocable, universe-wide" license, in "perpetuity," to use the D&D Property (which includes all copyrights and trademarks relating to the *Dungeons & Dragons* game) to make sequels, prequels, or remakes based on the *Dungeons & Dragons* motion picture.  (SSMF ¶ 2, Agmt. ¶ 2; First

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

6

810148

Amend., ¶ 6.)  Sweetpea therefore has an irrevocable license to the copyrights and trademarks at issue in connection with a *Dungeons & Dragons* sequel, prequel or remake.  Every act of alleged infringement discussed in the Complaint is authorized under the Agreement and Amendments.  *See Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999) ("Generally, a 'copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement' and can sue only for breach of contract.") (quoting *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998)); 4 McCarthy on Trademarks and Unfair Competition § 25:30 (4th ed.) ("Every license carries with it a waiver of the right of the trademark owner to sue for infringement arising out of acts that fall within the scope of the license.").

The Agreement does provide for reversion of Sweetpea's license rights under certain conditions, but Hasbro has not met those conditions (nor has it so alleged).  The plain language of the Agreement provides that Sweetpea's license will not revert to Hasbro unless Hasbro has provided written notice to Sweetpea of Hasbro's intent to terminate the Agreement.  (SSMF ¶ 3, Agmt., ¶15.)

Furthermore, the terms of the Agreement clearly provide that mere written notice does not automatically terminate the Agreement.  Even if Hasbro were to provide written notice of its intent to terminate the Agreement, Sweetpea would ***still*** have an opportunity to avoid reversion of its rights to Hasbro by commencing principal photography on a sequel to the *Dungeons and Dragons* movie within 60 days of the written notice of termination.  (SSMF ¶ 3, Agmt., ¶ 15.)

Moreover, the Agreement contains a general notice-and-cure provision that provides that a party's act or omission cannot be deemed a default or breach unless the party receives proper written notice of the alleged breach or default, which in any event can be cured within 10 business days of the written notice.  (SSMF ¶ 4, Agmt., ¶ 19(b).)  The Agreement further provides that Sweetpea must be given an opportunity to cure any "unauthorized use" of the D&D Property within 20 business

7

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

810148

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

days of receiving written notice of default or breach.  (SSMF ¶ 5, Agmt., ¶ 19(c).)

***Hasbro has the burden of establishing that it provided written notice to Sweetpea of its intent to terminate the Agreement and provided Sweetpea an opportunity to cure***.

Unless it can produce evidence that it provided Sweetpea the requisite notice and opportunity to cure, summary judgment should be entered against Hasbro.  *See Fairbank*, 212 F .3d at 532 (the moving party may meet its initial burden on summary judgment by "pointing out through argument the absence of evidence to support plaintiff's claim"); Fed. R. Civ. P. 56(c)(1)(B) (a party asserting that a fact cannot be disputed may support the assertion by showing "that an adverse party cannot produce admissible evidence to support the fact.").

Sweetpea's rights to use the D&D Property in connection with a sequel to the *Dungeons & Dragons* film have not reverted to Hasbro.  Any use by Sweetpea of the D&D Property in connection with a *Dungeons & Dragons* sequel, prequel or remake is authorized under the Agreement.  In light of Sweetpea's irrevocable, universe-wide license, in perpetuity, to the D&D copyrights and trademarks, none of the claims in the Complaint can withstand summary judgment.

**B.  Summary Judgment of Hasbro's Copyright Claim Should Be Granted Because Hasbro Cannot Establish an Allegedly Infringing Work**

Summary judgment must be granted on Hasbro's copyright claim because Hasbro has not presented evidence of any work by Sweetpea that allegedly infringes the D&D Property.  Identification of the allegedly infringing work or product is fundamental to a copyright claim, and Hasbro's complete absence of evidence on that issue is fatal to its copyright claim.  *See Fairbank*, 212 F .3d at 532 (the moving party may meet its initial burden on summary judgment by "pointing out through argument the absence of evidence to support plaintiff's claim"); Fed. R. Civ. P. 56(c)(1)(B) (a party asserting that a fact cannot be disputed may support the assertion by showing "that an adverse party cannot produce admissible evidence to support the fact.").

8

810148

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

To prevail on a copyright infringement claim, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tele. Serv. Co.*, 499 U.S. 340, 361 (1991); *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1173 (9th Cir. 2003). To survive summary judgment on a copyright claim, a non-moving plaintiff must show a genuine issue of material fact as to both access and substantial similarity. *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012). To satisfy the substantial similarity prong, a plaintiff must show that "the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002); *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984) (applying substantial similarity test to derivative works). "There can be no proof of 'substantial similarity' and thus of copyright infringement unless [the plaintiff's] works are juxtaposed with [the alleged infringer's work] and their contents compared." *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1319 (9th Cir. 1987).

Here, Hasbro has not even alleged, much less come forward with admissible evidence, that any element in any of its copyrighted works is also present in any allegedly infringing work by Sweetpea. (SSMF ¶ 16, *see generally* Compl.) In fact, the pleadings fail to identify ***any*** allegedly infringing elements. Instead, Hasbro alleges that Sweetpea and Warner Brothers have entered into discussions concerning a possible *Dungeons & Dragons* film based on a script entitled *Chainmail*. (Compl. ¶¶ 54–55.) But even though Hasbro admits it has a copy of the *Chainmail* script (SSMF ¶ 12, *id*. ¶¶ 54, 55), it has not pointed to anything in the *Chainmail* script—or any other work—that infringes any of Hasbro's copyrights. (SSMF ¶ 16, *see generally* Compl.)

It is not sufficient for Hasbro to argue that the mere idea of a sequel to the *Dungeons & Dragons* movie infringes Hasbro's copyrights. To establish a copyright infringement claim, a plaintiff must show that specific, protectable elements in a

protected work are present in an allegedly infringing work.  *See L.A. Printex*, 676 F.3d at 849 ("Because copyright law protects expression of ideas, not ideas themselves, we distinguish protectable from unprotectible elements and ask only whether the protectable elements in two works are substantially similar.").[3]

Hasbro's lack of evidence of specific elements of an allegedly infringing work is fatal to its copyright claim.  *See Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1103 (C.D. Cal. 2005) ("Because Stewart bears the burden of proof on striking similarity, her failure to submit the Terminator and Matrix films in opposition to the motions necessitates the entry of summary judgment against her.").

More fundamentally, Hasbro cannot prevail on its claim for copyright infringement because the work that it apparently alleges is infringing (i.e., a *possible* sequel to the *Dungeons & Dragons* film (see Compl. ¶ 63)), by its own admission does not even exist.  Plaintiffs' own allegations state that Warner Brothers has only "expressed an interest" in creating a *Dungeons & Dragons* motion picture based on the *Chainmail* script.  (Compl., ¶ 54.)  Merely expressing an interest in creating a permanent or concrete work falls far short of the showing required for establishing copyright infringement.  *See Lewis Galoob Toys, Inc. v. Nintendo of America, Inc.*, 964 F.2d 965, 967–68 (9th Cir. 1992) (finding that device was not derivative, and therefore non-infringing, because it was not in permanent or concrete form); *Seiler*, 808 F.2d at 1320 ("The copyright laws give legal protection to the objective manifestations of an artist's ideas, just as the law of contract protects through its multifarious principles the meeting of minds evidence in the contract.") ; *see also Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, Case No. CV 10-6982 CAS (PJWx),

---

[3] *See also Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904, 913 (9th Cir. 2010) ("To distinguish between permissible lifting of ideas and impermissible copying of expression, we have developed a two-part 'extrinsic/intrinsic' test. At the initial 'extrinsic' stage, we examine the similarities between the copyrighted and challenged works and then determine whether the similar elements are protectable or unprotectable. When the unprotectable elements are 'filtered' out, what's left is an author's particular expression of an idea, which most definitely *is* protectable.") (citations omitted).

810148

2011 U.S. Dist. LEXIS 10127, *18 (C.D. Cal. Nov. Jan. 26, 2011) (dismissing complaint for copyright infringement for failing to allege facts indicating what acts constitute the alleged infringement, and which copyrights have allegedly been infringed).  Hasbro's failure and inability to point to an actual, existing work is fatal to its copyright claim.

### C.     Summary Judgment of Hasbro's Copyright Claim Should Be Granted Because Hasbro Cannot Identify the Particular Elements in the D&D Copyrights that Allegedly Are Infringed

Similarly, Hasbro's inability to identify which of its copyrighted works are allegedly infringed is grounds for granting summary judgment on its copyright claim. Rather than specify exactly *which* of Hasbro's copyrights have been infringed, Plaintiffs simply attach a 40-page chart that merely identifies ***more than 1500 registered copyrights***.  (Compl., ¶ 62, Ex. E.)  Identification of copyright registrations will not be sufficient to establish copyright infringement at trial, and Hasbro cannot meet its burden on summary judgment without presenting specific elements in a copyrighted work that it contends are protectable and present in the allegedly infringing work.  *See Stewart*, 574 F. Supp. 2d at 1103 ("Because Stewart bears the burden of proof on striking similarity, her failure to submit the Terminator and Matrix films in opposition to the motions necessitates the entry of summary judgment against her."); *Seiler*, 808 F.2d at 1319 ("There can be no proof of 'substantial similarity' and thus of copyright infringement unless [the plaintiff's] works are juxtaposed with [the alleged infringer's work] and their contents compared.").  Hasbro has not specified which  elements of its copyrighted works are protectable and are allegedly infringed by Sweetpea.  (SSMF ¶ 15, *see generally* Compl.)  *See Fairbank*, 212 F .3d at 532 (the moving party may meet its initial burden on summary judgment by "pointing out through argument the absence of evidence to support plaintiff's claim"); Fed. R. Civ. P. 56(c)(1)(B) (a party asserting that a fact cannot be disputed may support the assertion by showing "that an adverse party cannot produce admissible evidence to

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

810148

1  support the fact.").  Therefore, summary judgment must be granted on Hasbro's

2  copyright claim.

### D. Summary Judgment of Hasbro's Trademark Claims Should Be Granted Because Hasbro Cannot Establish an Alleged Use of the Trademarks

6  As with Hasbro's copyright claim, its trademark claims are fatally flawed

7  because Hasbro cannot identify an alleged use of its trademarks.  To prevail on a

8  claim of trademark infringement under the Lanham Act, the owner of a federally

9  registered mark must show that the defendant used the mark in interstate commerce in

10  connection with the "sale, offering for sale, distribution, or advertising of any goods

11  or services," and that such use is likely to cause consumer confusion.

12  15 U.S.C. § 1114(1); *see also Network Automation, Inc. v. Advanced Systems*

13  *Concepts, Inc.*, 638 F.3d 1137, 1144–45 (9th Cir. 2011).  Here, Defendants cannot

14  show either that its marks were used in interstate commerce or that the "use" of its

15  trademarks is likely to cause customer confusion.

16  Similar elements apply to claims under for false designation of origin.

17  15 U.S.C. § 1125(a); *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194,

18  1201 (9th Cir. 1979).  The purpose of the Lanham Act is to deter false designation of

19  origin by "prevent[ing] individuals from misleading the public by placing their

20  competitors' work forward as their own."  *Cleary v. News Corp.*, 30 F.3d 1255, 1260

21  (9th Cir. 1994).  Thus, the Lanham Act makes actionable only designation of origin

22  that causes public confusion or mistake over the true proprietor of a work.  15 U.S.C.

23  § 1125(a).

24  To prove a trademark dilution claim, a plaintiff must demonstrate that the mark

25  used by the alleged diluter is identical, or nearly identical, to the protected mark.

26  *Thane Intern., Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905 (9th Cir. 2002).

27  Additionally, the plaintiff also must prove that (1) the mark is famous and distinctive;

28  (2) the ***defendant is making use*** of the mark in commerce; (3) the ***defendant's use***

12

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

810148

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1   began after the mark became famous; and (4) the **defendant's use** of the mark is

2   likely to cause dilution by blurring or dilution by tarnishment.  *Jada Toys, Inc. v.*

3   *Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008) (emphasis added).  The Act defines

4   "use in commerce" as occurring when the subject mark is "placed in any manner on

5   the goods … and … the goods are sold or transported in commerce."  15 U.S.C. §

6   1127.

7        Here, Hasbro's trademark claims fail as a matter of law because Hasbro cannot

8   establish that Sweetpea has used its trademarks.  It is Hasbro's burden to establish

9   that Sweetpea has used its protected trademark in commerce.  Hasbro must establish

10  that Sweetpea has made "use" of the D&D Trademarks under trademark law.

11       Nor is Sweetpea's mere alleged intent to infringe on the D&D Trademarks

12  sufficient to satisfy the "use in commerce" requirement under the Lanham Act.  *See*

13  *Sobini Films v. Tri-Star Pictures, Inc.*, Case No. CV 01-06615 ABC (RNBx), 2001

14  U.S. Dist. LEXIS 23509, *20–21 (C.D. Cal. Nov. 21, 2001) (plaintiffs in declaratory

15  relief action had not taken concrete steps to constitute trademark or copyright

16  infringement even though they had acquired rights to the Zorro character, written a

17  detailed treatment for a motion picture featuring the Zorro character, and developed

18  "key art" displaying the Zorro character to be used in promoting the development and

19  production of the picture); *NTN Communications v. Interactive Network, Inc.*, 1995

20  WL 569419, at *2 (N.D. Cal. Aug. 17, 1995) (dismissing claim because there was no

21  allegation that defendant had "already taken steps to begin marketing its infringing

22  product").  Accordingly, summary judgment on Hasbro's trademark claims must be

23  granted because Hasbro has no evidence that Sweetpea has used its trademarks.

24  *Fairbank*, 212 F .3d at 532; Fed. R. Civ. P. 56(c)(1)(B).

25       **E.     Summary Judgment of Hasbro's Declaratory Relief Claim Should**

26            **Be Granted Because There is No Actual Controversy**

27       Summary judgment of Hasbro's declaratory relief claim must be granted

28  because Hasbro has no evidence of an actual controversy.  As discussed above,

13

810148

Sweetpea has not yet produced a sequel to the *Dungeons & Dragons* film, and Hasbro is unable to present any evidence that Sweetpea has or will engage in any actual or imminent infringement of Hasbro's copyrights and trademarks.

For a claim for declaratory relief pursuant to 28 U.S.C. § 2201 to be justiciable, the Ninth Circuit requires "actual or imminent infringement." *Swedlow, Inc. v. Rohm & Haas Co.,* 455 F.2d 884, 886 (9th Cir. 1972) (patent owner was not entitled to maintain action for declaratory judgment that defendant's acts threatened infringement on theory that plant being built by defendant would employ inventions claimed in patents and would infringe them when placed in operation). In *Swedlow*, the threat of infringement was not ripe because "the defendant's plant had progressed only to stage where floor and shell of building were in place, so that alleged threats of infringement were too remote and unduly speculative and a decision would amount to an impermissible advisory opinion." *Id.* An "existing controversy" is "manifested by specific acts of alleged infringement or an immediate capability and intent" to infringe. *Id.*; *name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*, CV 12-8676 PA PLAX, 2013 WL 2151478 (C.D. Cal. Mar. 4, 2013) (same with respect to trademark claims).

Here, there is no evidence that Sweetpea has engaged in any actual or imminent violation of Hasbro's copyrights or trademarks. There is no evidence that Sweetpea has filmed a new sequel to *Dungeons & Dragons* or that the new sequel contains protected elements of copyright or trademarked work. Despite having a copy of the *Chainmail* script, Hasbro has no evidence of (and has not alleged) any copyright or trademark violation based on the *Chainmail* script. At this stage, Hasbro can only speculate that Sweetpea ***might*** violate Hasbro's copyrights or trademarks, although they have not specified which copyrights or trademarks. That is not sufficient under 28 U.S.C. § 2201. Summary judgment on Hasbro's claim for declaratory relief must be granted on the ground that it is not justiciable. *Fairbank*, 212 F .3d at 532; Fed. R. Civ. P. 56(c)(1)(B).

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

14

810148

1   **V.**   **<u>CONCLUSION</u>**

2       For the foregoing reasons, this Court should grant summary judgment in favor

3   of Defendants on all claims in the Complaint, or, in the alternative, grant partial

4   summary judgment on one or more claims in the Complaint in favor of Defendants.

5

6   DATED:  June 17, 2013               GLASER WEIL FINK JACOBS
                                          HOWARD AVCHEN & SHAPIRO LLP
7

8
                                        By:  /s/ G. Jill Basinger
9                                             PATRICIA L. GLASER
                                              G. JILL BASINGER
10                                            DAVID SERGENIAN
                                              *Attorneys for Defendants Sweetpea*
11                                            *Entertainment, Inc. and Sweetpea B.V.I.*
                                              *Ltd.*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

810148