UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-03406 DMG (JCGx)** | Date | August 16, 2013 |
| Title | *Hasbro, Inc., et al. v. Sweetpea Entertainment Inc., et al.* | Page | 1 of 5 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. # 18]**

This matter is before the Court on the Motion for Summary Judgment filed by Sweetpea Entertainment Inc. and Sweetpea, B.V.I., LTD, currently set for hearing on August 9, 2013. For the reasons set forth below, Defendant's Motion is DENIED without prejudice.

On May 13, 2013, Plaintiffs Hasbro, Inc. and Wizards of the Coast, LLC filed a Complaint against Defendants, raising claims for copyright infringement, trademark infringement, false designation of origin, and trademark dilution. [Doc. # 1.] On June 17, 2013, Defendants filed a Motion for Summary Judgment [Doc. #18]. Plaintiffs filed an Opposition on July 19, 2013 [Doc. #30], and on July 26, 2013, Defendants filed a Reply. [Doc. #43.]

In their opposition, Plaintiffs ask for Defendants' motion to be denied for a number of reasons, including that they have not had an opportunity to conduct discovery. According to Plaintiffs,

> Sweetpea's response to this lawsuit has been a classic 'hide the ball' defense. Instead of answering the Complaint, filing a motion to dismiss or permitting Hasbro to conduct any discovery, Sweetpea filed the instant Motion for Summary Judgment.

(Opp'n at 2.)

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-03406 DMG (JCGx)** | Date | August 16, 2013 |
| Title | *Hasbro, Inc., et al. v. Sweetpea Entertainment Inc., et al.* | Page | 2 of 5 |

      (2) allow time to obtain affidavits or declarations or to take discovery; or
      (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). To prevail under this Rule, a party opposing a motion for summary judgment must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (internal quotations omitted). The party seeking additional discovery bears the burden of proffering sufficient facts to show that the evidence sought exists and that it would prevent summary judgment. *Id.*

      The central issue in the case is whether Plaintiffs' "sequel rights" to the Dungeons and Dragons ("D&D") franchise have reverted under the parties' licensing agreement and a subsequent amendment. Plaintiffs explain that Defendants are likely in possession of "communications and other documents relating to the negotiation of the Agreement and the parties' intent that will confirm Hasbro's interpretation of the Agreement." (Opp'n at 23.) Along with their opposition, Plaintiffs have included a declaration from Lee Rosenbaum, former counsel who represented them in part of the negotiations. The agreements and its amendments are attached as exhibits to the declaration. (Decl. of Lee Rosenbaum ("Rosenbaum Decl."), Ex. A, F, G.)

      Several provisions of the contract and its amendments are at issue here. One such provision is Paragraph 6 of the First Contract Amendment. Defendants argue that it is clear on its face and should form the basis for summary judgment. It states:

> TSR grants to Sweetpea the rights to make one or more sequels (which shall be defined to include prequels) or remakes based on the Picture, the Picture Creations and the Property. These rights shall revert on a rolling basis (but not the Picture Creations) to TSR on the earlier of (i) five (5) years from the initial U.S. release or (ii) seven (7) years from final director's cut of the immediately prior picture.

(Rosenbaum Decl., Ex. F ("First Amendment") ¶ 6.)

      Plaintiffs' witness, Rosenbaum, attests that the parties intended in the amendment to divide the rights into three "rights buckets" relating to (i) the Picture, (ii) sequels and prequels to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-03406 DMG (JCGx)** | Date | August 16, 2013 |
| Title | *Hasbro, Inc., et al. v. Sweetpea Entertainment Inc., et al.* | Page | 3 of 5 |

the Picture, and (iii) live-action television series based on the Picture. (Rosenbaum Decl ¶ 16.)[1] He further attests that "[e]ach rights bucket would be governed by its own financial terms and a separate reversion clause." (*Id.*) Indeed, the amendment does contain several separate reversion clauses, each with the same general structure. (First Amendment ¶¶ 1, 6, 12.) The different reversion clauses can plausibly be construed to refer to the three "rights buckets" that Rosenbaum describes. (*Id.*)

Defendants released the first D&D theatrical motion picture ("the Picture") in U.S. theaters on December 8, 2000 (Compl. ¶ 6). Thereafter, Defendants produced two television motion pictures as part of the D&D franchise - one of which premiered on October 8, 2005 and the other on November 24, 2012, both on the Syfy Channel (Compl. ¶¶ 44, 49; Opp'n at 6, Reply

---

[1] Defendants have filed a number of objections to Plaintiffs' evidence. [Doc. ## 44-46.] The Court declines to rule on Defendants' objections, except that evidence upon which the Court relies. With respect to Paragraph 16 of the Rosenbaum Declaration, Defendants offer the following four objections: 1) inadmissible under Fed. R. Evid. 408 as settlement negotiations; 2) inadmissible under the parol evidence rule; 3) inadmissible as hearsay; and 4) inadmissible under the best evidence rule. As a preliminary matter, the Court notes that it relied on Paragraph 16 of Rosenbaum's declaration, not Exhibit D of the declaration, the settlement letter Rosenbaum offered in support of his statements in Paragraph 16.

Under Rule 408, a party may not prove the validity of a disputed claim by "conduct or a statement made during compromise negotiations about the claim." Fed. R. Evid. 408(a)(2). The Court may, however, "admit this evidence for another purpose, unrelated to liability." *Id.* The claims at issue in this case are copyright and trademark infringement. The evidence Rosenbaum puts forth relates, not directly to those claims, but to the interpretation of a licensing agreement. Because "the two questions are so closely intertwined," the Rule 408 bar still applies. *Weems v. Tyson Foods, Inc.*, 665 F.3d 958, 967 (8th Cir. 2011) (quoting *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506 (2d Cir. 1989)). To the extent the Court is considering Rosenbaum's statements in Paragraph 16, however, it is not to prove the validity of the claim as a whole, but as proof of the parties' intent when drafting a contract. Similarly, parties may submit such evidence of the intent of the drafters when interpreting a settlement agreement in an action for its enforcement. *Coakley & Williams Const., Inc. v. Structural Concrete Equip., Inc.*, 973 F.2d 349, 353-54 (4th Cir. 1992). Thus, Rule 408 does not bar Rosenbaum's statements.

Traditionally, the parol evidence rule prohibits extrinsic evidence of the parties' intent when drafting a contract if the contract is clear on its face. In California, " '[t]he test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.' " *Dore v. Arnold Worldwide Inc.,* 39 Cal.4th 384, 391  (quoting *Pacific Gas & E. Co. v. G.W. Thomas Drayage Co.*, 69 Cal.2d 33, 37, 69 Cal.Rptr. 561 (1968)). Therefore regardless of the degree of ambiguity, the traditional parol evidence rule does not apply.

Paragraph 16 is not hearsay, as Rosenbaum is not recounting an out-of-court assertion, but rather his recollection of the intent of the drafters. The best evidence rule objection also fails for the same reason: Rosenbaum is not summarizing the document in Exhibit D, rather he is describing his recollections of the intent of the drafters in drafting it. For these reasons, Defendants' objection to Paragraph 16 of the Rosenbaum Declaration  is overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-03406 DMG (JCGx)** | Date | August 16, 2013 |
| Title | *Hasbro, Inc., et al. v. Sweetpea Entertainment Inc., et al.* | Page | 4 of 5 |

at 2). One of the issues in the parties' dispute is whether these television movies constitute "sequels, prequels or remakes" of the Picture such that "sequel rights" either reverted or did not revert to Hasbro within five years from the release of the Picture. Plaintiffs argue that Defendants' television movies are not sequels because they were not "a theatrical or non-theatrical motion picture" based on the Picture. (Opp'n at 6; Compl. ¶ 52.) Even if the October 8, 2005 television motion picture meets the definition of a sequel, Plaintiffs argue that the sequel rights reverted to Hasbro no later than five years thereafter, i.e., by October 8, 2010. (*Id*.) Defendants, on the other hand, contend that Plaintiffs' interpretation of the amendment is "facially absurd," given that the term "sequel" is not limited in definition to theatrical motion pictures and Plaintiffs failed to follow the notice and cure provisions of the License Agreement. (Reply at 2.) If the different reversion clauses refer to mutually exclusive "rights buckets" as Rosenbaum explained, however, Plaintiffs' interpretation is not necessarily "absurd." It is also plausible, as Defendants contend, that a television sequel could toll the reversion clauses for both sequels and television programs. The contract is simply not clear on its face whether the two television movies should count solely as "television programs" or should be considered "sequels" or both. *Cf. Dore* 39 Cal.4th 384, 391 ("'[E]ven if a contract appears unambiguous on its face, a latent ambiguity may be exposed by extrinsic evidence which reveals more than one possible meaning to which the language of the contract is yet reasonably susceptible.'" (quoting *Morey v. Vannucci*, 64 Cal.App.4th 904, 75 Cal.Rptr.2d 573, 578 (1998))). If these productions were not sequels within the meaning of the First Amendment, then the rights may have reverted to Hasbro, subject to other arguments that Defendants have made as to why they have not.

Because the Court finds that the relevant contract language is ambiguous, Plaintiffs are entitled to discovery on the contract formation and to present such extrinsic evidence as may be relevant to the parties' intent. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 990 (9th Cir. 2006) ("'If the court decides . . . that the language of a contract, in the light of all the circumstances, is 'fairly susceptible of either one of the two interpretations contended for,' extrinsic evidence relevant to prove either of such meanings is admissible.'" (quoting *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 40, 69 Cal. Rptr. 561 (1968))).

Defendants also argue that Plaintiffs cannot prove that the rights reverted because they did not comply with the "notice and cure" provisions in the Agreement. There are two notice and cure provisions in the Agreement. Paragraph 15 states that under several different conditions, Plaintiffs would have the right to terminate the Agreement, but only after providing written notice and an opportunity to cure. (Agreement ¶ 15.) Paragraph 19(b) sets out a notice and cure requirement for either party to determine that the other is in breach or default, and the termination right of Paragraph 19(c) is predicated on such a finding. (*Id.* ¶ 19.) Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 13-03406 DMG (JCGx) | Date | August 16, 2013 |
|---|---|---|---|
| Title | *Hasbro, Inc., et al. v. Sweetpea Entertainment Inc., et al.* | Page | 5 of 5 |

contend that Plaintiffs are trying to terminate the agreement, an event which, under either of these contractual provisions, requires notice and an opportunity to cure. Plaintiffs, on the other hand, do not assert that Defendants are in breach or default, or that any of the conditions in Paragraph 15 apply, but that under the reversion clauses the motion picture rights *automatically* reverted. At the very least, this interpretation is plausible. Moreover, the reversion clause of Paragraph 1 of First Amendment refers explicitly to the notice and cure provisions of Paragraph 15 of the Agreement, whereas the reversion clauses of Paragraphs 6 and 12 do not. This lends some credence to Plaintiffs' interpretation—had the parties intended to incorporate the notice and cure provisions into the latter reversion clauses, they knew how to do so. Therefore, the Court cannot grant summary judgment on the "notice and cure" rationale.

With regard to Defendants' argument that Plaintiffs cannot demonstrate copyright infringement because they cannot show that Defendants used the *Chainmail* script or D&D trademark (Mot. at 9-11, Reply at 2), Plaintiffs claim that Defendants already admitted as much. (Compl. ¶ 59.) In any event, Plaintiffs are entitled to try to meet their burden of proof with the aid of discovery. (Opp'n at 23.) Plaintiffs have not had the opportunity to pursue *any* discovery in this action, as Defendants have not yet filed an Answer, and the Court has not issued its Scheduling and Case Management Order. Defendants' motion for summary judgment is premature.

The Court finds that Plaintiffs meet their burden under Rule 56(d) of establishing that the evidence they seek both exists and is of the sort that would prevent summary judgment. The Court therefore **DENIES** Defendants' Motion without prejudice pending completion of discovery. Defendants shall file their Answer within 15 days from the date of this Order.

The Court expects that the parties will cooperate to complete discovery in a professional and expeditious manner and will engage in a meaningful effort to comply with Local Rule 7-3 prior to renewing any similar motion in the future.

**IT IS SO ORDERED.**