UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-3406 DMG (JCGx)** | | Date | January 9, 2014 |
| --- | --- | --- | --- | --- |

| Title | ***Hasbro, Inc. et al. v. Sweetpea Entertainment, Inc. et al.*** | Page | 1 of 3 |
| --- | --- | --- | --- |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KAN TIEN | NOT REPORTED |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| --- | --- |

**Proceedings:  IN CHAMBERS – ORDER RE:  PARTIES' APPLICATIONS TO FILE UNDER SEAL [DOC. ## 86, 97]**

# I.
# INTRODUCTION

On January 6, 2014, Plaintiffs Hasbro, Inc. and Wizards of the Coast, LLC filed an application seeking leave from the Court to file under seal thirty-six documents attached to their brief in opposition to Defendants' Motion for Partial Summary Judgment.  Specifically, Plaintiffs seek to file under seal:  (1) "an agreement between Warner Bros. Pictures ("WB") and Sweetpea Entertainment, Inc. . . . concerning one or more potential motion pictures based on certain elements of *Dungeons & Dragons* property ("the WB Film Project")," (2) "a script in connection with the WB Film Project entitled "*Chainmail*" ("*Chainmail* script")," (3) "various emails and documents pertaining to the WB Film Project and/or the *Chainmail* script and testimony regarding the same," and (4) "portions of Hasbro's papers submitted in opposition to the Motion [for Summary Judgment] regarding the same."  (Pl's App. at 1 [Doc. # 86].)

On January 6, 2014, Counter-Claimant Sweetpea B.V.I. Ltd ("Sweetpea") filed an application seeking leave from the Court to file under seal eight documents attached to their brief in opposition to Plaintiffs' Motion for Partial Summary Judgment.  Specifically Sweetpea seeks to file under seal:  (1) an agreement between Hasbro, Inc. and Universal Pictures concerning one or more potenntial motion pictures based on certain elements of *Dungeons & Dragons* property (the "Universal Film Project")," (2) "various emails and documents pertaining to the Universal Film Project and testimony regarding the same," and (3) "portions of Sweetpea's papers submitted in opposition to the Motion regarding the same."  (Sweetpea App. at 1 [Doc. # 97].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-3406 DMG (JCGx)** | Date | January 9, 2014 |
|---|---|---|---|

| Title | ***Hasbro, Inc. et al. v. Sweetpea Entertainment, Inc. et al.*** | Page | 2 of 3 |
|---|---|---|---|

**II.**
**LEGAL STANDARD**

Given that the public has a First Amendment and common law right of access to court proceedings and judicial records, the sealing of a court record to preserve confidentiality is a rare and extraordinary measure which must be narrowly tailored to a compelling confidentiality interest. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009), *amended and superseded on denial of rehearing by* 605 F.3d 665 (9th Cir. 2009); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 n.1 (9th Cir. 1989). In general, compelling reasons sufficient to justify sealing court records exist when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Lit.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed.2d 570 (1978)); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The sealing of judicial records is not considered appropriate if it is done merely to protect parties from embarrassment, incrimination, or exposure to further litigation. *Id.* at 1178-79; *see also R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 12 (1st Cir. 2009) ("Sealing orders are not like party favors, available upon request or as a mere accommodation."). The strong presumption of public access to judicial documents applies fully to "dispositive pleadings, including motions for summary judgment and related attachments" because "the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179 (internal citations omitted). The decision whether or not to seal court records is within the Court's discretion and must be made "in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

**III.**
**DISCUSSION**

On review of Plaintiffs' application and their proposed redactions to publicly filed documents, the Court determines that Plaintiffs have identified "compelling reasons" to justify the sealing or redaction of all but the following documents: (1) Exhibit A to the Wogan Declaration; (2) Exhibit B to the Wogan Declaration, and (3) the Declaration of Chris Regina. Plaintiffs do not adequately explain why public filing with redaction of these documents, as opposed to sealing of the documents in their entirety, would not address their concerns.

On review of Sweetpea's application, the Court determines that Sweetpea has identified "compelling reasons" to justify the sealing of all but the following documents: (1) Exhibit A to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-3406 DMG (JCGx)** | Date | January 9, 2014 |
|---|---|---|---|

| Title | ***Hasbro, Inc. et al. v. Sweetpea Entertainment, Inc. et al.*** | Page | 3 of 3 |
|---|---|---|---|

the Basinger Declaration; and (2) Exhibit B to the Basinger Declaration.  Sweetpea does not adequately explain why public filing with redaction of these documents, as opposed to sealing of the documents in their entirety, would not address its concerns.

Accordingly, the Court declines to rule on Plaintiffs' application with respect to (1) Exhibit A to the Wogan Declaration; (2) Exhibit B to the Wogan Declaration, and (3) the Declaration of Chris Regina, and it declines to rule on Sweetpea's application with respect to (1) Exhibit A to the Basinger Declaration; and (2) Exhibit B to the Basinger Declaration.  The parties are ordered to file supplemental briefing within seven days of the date of this Order providing evidence to support a finding of compelling reasons to file the aforementioned documents under seal and proposing the least restrictive means for doing so.

**IT IS SO ORDERED.**