UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hasbro, Inc., et al., <br><br> Plaintiff, <br><br> v. <br><br> Sweetpea Entertainment, Inc., et al., <br><br> Defendants. | CASE NO. CV 13-3406 DMG (JCGx) <br><br> **SCHEDULING AND CASE MANAGEMENT ORDER RE COURT TRIAL** |

**PLEASE READ THIS ORDER CAREFULLY.  IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

**<u>SEE THE LAST PAGE OF THIS ORDER FOR THE SCHEDULED DATES.</u>**

The Court has scheduled the dates set forth on the last page of this Order relating to the parties' court trial.  The dates and requirements set forth in this Order are firm.

# I.

# ADDITIONAL TRIAL PREPARATION

### A. OPENING STATEMENTS

Opening statements shall be brief and shall summarize how the attorney expects to prove the key components of his/her proposed fact findings.

### B. WITNESS DECLARATIONS/DEPOSITION TESTIMONY IN LIEU OF DIRECT TESTIMONY

The parties shall comply with Local Rules 16-2.7 and 43-1. At least 21 days before trial, for each witness a party intends to call at trial, counsel for that party shall either (a) file and serve personally or by fax or electronic mail an executed declaration in lieu of direct testimony, or (b) if, and only if, such testimony is contained in discrete portions of a deposition, mark and lodge the deposition in accordance with the Local Rules. The Court expects to read the declarations and/or pertinent portions of the lodged depositions prior to the commencement of trial. At trial, the Court will permit "live" questioning only for cross-examination and re-direct of each such witness.

Not later than 14 days before trial, each party shall file a copy of its written objections to the testimony contained in the opposing party's declarations and/or lodged depositions. Failure to file such written objections will be deemed to be a waiver of any such evidentiary objections.

### C. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. For any matter requiring findings of fact and conclusions of law, counsel for each party shall, no later than 21 days before trial, file with the Court and serve on opposing counsel that party's proposed findings of fact and conclusions of law in the format specified in Local Rule 52-3.

2. Fourteen (14) days before the trial date, each counsel shall file with the Court and serve on opposing counsel a copy of the <u>opposing</u> party's proposed findings of fact and conclusions of law, marked as follows:

        (a)    Strike through those portions the party disputes;

        (b)    Bold those portions the party admits; and

        (c)    Underline those portions the party admits but considers irrelevant.

The parties may agree to and advise the Court of some other method of differentiating among these three categories, such as color coding.

    3.    Counsel need not make a uniform determination as to an entire proposed finding or conclusion. Counsel may agree with a portion, dispute another portion, and consider a portion irrelevant. Counsel are urged, however, to have only a single fact or conclusion of law contained in each paragraph.

    4.    The parties may submit supplemental proposed findings of fact and conclusions of law during the course of the trial. If more than five supplemental findings are proposed, the same designating procedure should be used.

    5.    Each party must submit its own unmarked proposed findings of fact and conclusions of law to the Chambers e-mail box in Word or WordPerfect format.

**D.**    **TRIAL EXHIBITS**

    1.    Counsel are to prepare their exhibits for presentation at the trial by placing them in tabbed binders indexed by exhibit number. Counsel shall submit to the Court an original and one copy of the binder. The exhibits shall be in three-ring binders labeled on the spine portion of the binder as to the volume number <u>and</u> contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Local Rule 16-6.

    2.    The Court requires that the following be submitted to the courtroom deputy clerk on the first day of trial:

        (a)    One binder of <u>original exhibits</u> with the Court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, shall be affixed to the front of the exhibit on the upper or lower right-hand corner with the case number, case name, and exhibit number placed on each tag.

        (b)    One binder with a <u>copy</u> of each exhibit tabbed with numbers as

described above for use by the Court.

    (c) Three copies of joint exhibit list.

    (d) Three copies of witness lists in the order in which the witnesses may be called to testify.

  3. All counsel are to meet not later than ten days before trial and to stipulate, so far as is possible, to foundation, to waiver of the best evidence rule, and to those exhibits that may be received into evidence at the start of the trial.  The exhibits to be so received will be noted on the extra copies of the exhibit lists.

**E.** **TRIAL HOURS**

  On the first day of trial, court will commence at 8:30 a.m. and conclude at approximately 4:00 p.m., or later as ordered by the Court.   After the first day of trial, trial days continue every day from 9:00 a.m. to approximately 4:00 p.m. with two fifteen-minute breaks and a 75-minute lunch break, unless otherwise ordered by the Court.  If the Court is engaged in a jury trial, this court trial <u>may</u> be conducted during the afternoons if the parties prefer that approach to a continuance.

**F.** **CLOSING STATEMENTS AND POST-TRIAL BRIEFS**

  For an overview and review of the evidence, the Court will rely on closing statements.  In delivering closing statements, counsel shall use their respective proposed findings of fact and conclusions of law as a "checklist" and should identify the evidence that supports the proposed findings.  The Court will not accept post-trial briefs unless the Court finds that the circumstances of the case warrant such briefing and they are specifically authorized.

## II.

## CONDUCT OF ATTORNEYS AND PARTIES

**A.** **OPENING STATEMENTS, EXAMINING WITNESSES, AND SUMMATION**

    1. Counsel must use the lectern for opening statements, examination of witnesses, and summation.

    2. Counsel must not consume time by writing out words, drawing charts or diagrams, etc. Counsel may do so in advance.

    3. The Court may establish reasonable time estimates for opening statements and closing arguments, examination of witnesses, etc.

**B.**     <u>**OBJECTIONS TO QUESTIONS**</u>

    1.    Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

    2.    When objecting, counsel must rise to state the objection and state only that counsel objects and the concise legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so.

**C.**     <u>**GENERAL DECORUM**</u>

    1.    Counsel should not approach the courtroom deputy clerk or the witness box without specific permission. If permission is given, counsel should return to the lectern when their purpose has been accomplished. Counsel should not question a witness at the witness stand.

    2.    Any request for the re-reading of questions or answers shall be addressed to the Court. Such requests should be limited.

    3.    Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

**D.**     <u>**PROMPTNESS OF COUNSEL AND WITNESSES**</u>

    1.    The Court makes every effort to begin proceedings at the time set. Promptness is expected from counsel and witnesses. The Court will not delay the trial except under extraordinary circumstances.

    2.    If a witness was on the stand at a recess, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

3. Counsel must notify the courtroom deputy clerk in advance if any witness should be accommodated based on a disability or for other reasons.

4. Counsel should coordinate the scheduling of witnesses so that there is no delay in the calling of witnesses to the stand..

5. The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

## E.  EXHIBITS

1. Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence (if not already admitted pursuant to the pretrial exhibit stipulation)..

2. Each counsel is responsible for any exhibits that counsel secures from the courtroom deputy clerk and must return them before leaving the courtroom at the end of the session.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the courtroom deputy clerk mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

4. Counsel are to advise the courtroom deputy clerk of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

5. When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be asked to do the same.

6. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

**F.    DEPOSITIONS**

1.    All depositions to be used at trial, either as evidence or for impeachment, must be lodged with the courtroom deputy clerk on the first day of trial or such earlier date as the Court may order.  Counsel should verify with the courtroom deputy clerk that the relevant deposition is in the clerk's possession.

2.    In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

(a)    If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

(b)    If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved.  Then counsel may either ask the witness further questions on the matter and thereafter read the quotations, or read the quotations and thereafter ask further questions.  Counsel should have an extra copy of the deposition for this purpose.

3.    Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions, or (b) have counsel read both the questions and answers.

**G.    USING NUMEROUS ANSWERS TO INTERROGATORIES AND REQUESTS FOR ADMISSIONS**

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer, and identifying the document from which it has been extracted.  Copies of this new document

should be given to the Court and opposing counsel. This procedure is intended to save time.

### H.     ADVANCE NOTICE OF UNUSUAL OR DIFFICULT ISSUES

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice. Counsel are directed to notify the courtroom deputy clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine*. See Fed. R. Evid. 103.

IT IS SO ORDERED.

DATED: July 1, 2014

                                                DOLLY M. GEE  
                                       United States District Judge

Judge Dolly M. Gee
**SCHEDULE OF PRETRIAL & TRIAL DATES (COURT TRIAL)**

Case No.: CV-13-3406-DMG (JCGx)    Title: Hasbro, Inc., et al. v. Sweetpea Entertainment, Inc., et al.

| MATTER | COURT ORDERED DATE | TIME |
|---|---|---|
| **TRIAL**   [ x ] Court   [ ] Jury<br>Duration Estimate: 6 days | 9-16-14<br>(Tuesday) | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE (FPTC)**<br>4 wks before trial | N/A<br>(Tuesday) | |

| MATTER | COURT ORDERED DATE |
|---|---|
| Final Pretrial Conference Order | Doc. # 194 |
| Pretrial Exhibit Stipulation* | Doc. # 192 |
| Joint Exhibit List* | Doc. # 191 |
| Witness Lists & Joint Trial Witness Time Estimate Form* | Doc. ## 126, 127, 138 |
| Witness Declarations or Marked Depositions | 8-26-14 |
| Objections to Witness Declarations/Marked Depositions | 9-2-14 |
| Proposed Findings of Fact and Conclusions of Law | 8-26-14 |
| Mark Up of Opponent's Proposed Findings/Conclusions | 9-2-14 |

*No amendments may be filed except by stipulation of the parties.