**MAURA J. WOGAN** (admitted *pro hac vice*)
**JEREMY S. GOLDMAN** (admitted *pro hac vice*)
**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
488 Madison Avenue, 10th Floor
New York, NY 10022
Telephone: (212) 980-0120
Facsimile: (212) 593-9175
E-Mail: mwogan@fkks.com
jgoldman@fkks.com

**MICHAEL E. WEINSTEN** (SBN 155680)
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
E-Mail: mweinsten@lavelysinger.com

Attorneys for Plaintiffs HASBRO, INC. and WIZARDS OF THE COAST LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

HASBRO, INC., a Rhode Island corporation; and WIZARDS OF THE COAST LLC, a Delaware limited liability company,

Plaintiffs,

vs.

SWEETPEA ENTERTAINMENT, INC., a Delaware corporation; and SWEETPEA B.V.I. LTD., a British Virgin Islands corporation,

Defendants.

---

SWEETPEA B.V.I. LTD.,

Counter-Claimant,

vs.

HASBRO, INC., and WIZARDS OF THE COAST, LLC,

Counter-Defendants.

Case No.: CV 13-03406-DMG (JCG)

[HON. DOLLY M. GEE]

**NOTICE OF APPLICATION AND PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL**

**[(Proposed) Order Filed Concurrently Herewith]**

Trial Date: September 16, 2014

Plaintiffs Hasbro, Inc. and Wizards of the Coast, LLC (together, "Hasbro") respectfully request that the Court permit Hasbro to file under seal Trial Ex. 181, a script entitled "*Chainmail*," as well as references to content in the script ("Script Content") that are contained in the Trial Declaration of James Wyatt ("Wyatt Declaration") due to be submitted to this Court on August 26, 2014.[1]

The *Chainmail* script has been designated as "Confidential Discovery Material" by third-party Warner Bros. Pictures ("WB") under the Stipulated Confidentiality Agreement and Protective Order dated September 24, 2013 [ECF # 72] (the "Protective Order"). Under the Protective Order, a party may designate a document as "Confidential" based on a good faith belief that the document contains "trade secrets, proprietary business information, competitively sensitive information . . . or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business. . . . ." Protective Order at 1–2.

Moreover, the script is watermarked and contains the following notice: "This script is the confidential and proprietary property of Warner Bros. Pictures and no portion of it may be performed, distributed, reproduced, used, quoted or published without prior written permission."

Accordingly, based on WB's representations regarding the *Chainmail* script, Hasbro moves to file the following documents under seal:

1. The Wyatt Declaration, portions of which contain Script Content;
2. Trial Exhibit 181, attached to the Wyatt Declaration, which is a copy of the *Chainmail* script; and
3. Trial Exhibit 531, attached to the Wyatt Declaration, which contains Script Content.

[1] This Court has previously granted Hasbro's application to file the *Chainmail* script under seal. *See* Order Granting Plaintiffs' Application to File Documents Under Seal (ECF # 47).

While there is a presumption of public access to court records, the right to inspect "judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Indeed, courts have recognized "potential damage from the release of sensitive business information" as a "ground for denying access to court documents." *Bergen Brunswig Corp. v. IVAX Corp.*, No. 97 CIV 2003, 1998 WL 113976, at *2 (S.D.N.Y. Mar. 12, 1998). Furthermore, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (recognizing that "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes . . .'"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) (observing that "[d]ocuments containing trade secrets or other confidential business information may be protected from disclosure").

Filing such documents under seal is "the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Systems, Inc. Secs. Litig.*, 141 F.R.D. 155, 161-62 (9th Cir. 1992). Hasbro has a good faith belief that the Script Content contains Warner Bros.' confidential, proprietary information and that sealing those documents containing Script Content is necessary to protect this information.

Accordingly, Hasbro respectfully requests that the above-enumerated documents be accepted for filing under seal.

//

//

//

Dated: August 26, 2014

FRANKFURT KURNIT KLEIN & SELZ P.C.

BY: / S/ *Maura Wogan*
Maura J. Wogan (admitted *pro hac vice*)
Jeremy S. Goldman (admitted *pro hac vice*)
488 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 980-0120
Fax: (212) 593-9175
mwogan@fkks.com
jgoldman@fkks.com

LAVELY & SINGER P.C.

BY: / S/ *Michael E. Weinsten*
Michael E. Weinsten (No. 155680)

2049 Century Park East, Suite 2400
Los Angeles, CA 90067-2906
Tel: (310) 556-3501
Fax: (310) 556-3615
mweinsten@lavelysinger.com

*Attorneys for Plaintiffs Hasbro, Inc. and Wizards of the Coast LLC*