MAURA J. WOGAN (admitted *pro hac vice*)
JEREMY S. GOLDMAN (admitted *pro hac vice*)
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, NY 10022
Telephone: (212) 980-0120
Facsimile: (212) 593-9175
E-Mail: mwogan@fkks.com
         jgoldman@fkks.com

MICHAEL E. WEINSTEN (SBN 155680)
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
E-Mail: mweinsten@lavelysinger.com

Attorneys for Plaintiffs HASBRO, INC.
and WIZARDS OF THE COAST LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASBRO, INC., a Rhode Island corporation; and WIZARDS OF THE COAST LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SWEETPEA ENTERTAINMENT, INC., a Delaware corporation; and SWEETPEA B.V.I. LTD., a British Virgin Islands corporation,<br><br>Defendants.<br><hr>SWEETPEA B.V.I. LTD.,<br><br>Counter-Claimant,<br><br>vs.<br><br>HASBRO, INC., and WIZARDS OF THE COAST, LLC,<br><br>Counter-Defendants. | Case No.: CV 13-03406-DMG (JCG)<br><br>[HON. DOLLY M. GEE]<br><br>**PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO EXCLUDE ROBERT BARNES AS A TRIAL WITNESS**<br><br><br><br>Trial Date: September 16, 2014 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** Plaintiffs and Counter-Defendants Hasbro, Inc. and Wizards of the Coast, LLC (collectively, "Hasbro") will, and hereby do, submit an *ex parte* application (the "Application") for an order:

(a) pursuant to Federal Rule 37(c), precluding Defendant Sweetpea Entertainment, Inc. and Defendant and Counter-Claimant Sweetpea B.V.I., LTD (collectively, "Sweetpea") from presenting and/or otherwise relying on the testimony of Robert Barnes at trial because Sweetpea failed to disclose Mr. Barnes as a material witness as required by Federal Rule 26(a).

There is good cause to hear Hasbro's Application on an *ex parte* basis because the event giving rise to this Application – namely, Sweetpea's August 26, 2014 disclosure <u>for the first time</u> that it would presenting extensive trial testimony from Robert Barnes regarding interpretation of the contract at issue in this case – did not even transpire until less than 28 days before trial, and therefore it is impossible for Hasbro to file a noticed motion pursuant to Local Rule 6-1.

This Application is brought on the following grounds:

Sweetpea failed to meet the most basic requirements of the Federal Rules of Civil Procedure when it neglected to disclose Robert Barnes as a material witness pursuant to Rule 26(a)(1)(A)(i). It was not until August 26, 2014 (a mere 21 days before trial) that Sweetpea first indicated to Hasbro that Mr. Barnes would be providing extensive trial testimony on the fundamental disputed issue in this case – namely, the interpretation of the agreement between the parties. Until that time, Sweetpea had indicated that Mr. Barnes was not material to their claims and defenses. Indeed, Sweetpea did not even indicate that Mr. Barnes would be testifying at all until it filed its Local Rule 16-5 disclosures on January 27, 2014 – just prior to the previously scheduled trial date and ***two months after the discovery cut-off***.

Under the Federal Rules, a party has an affirmative and continuing duty to timely disclose its material witnesses to the opposing party. The proper remedy for Sweetpea's

1  failure to comply with this disclosure obligation is to preclude it from presenting Mr.
2  Barnes' testimony at trial. *See* Fed. R. Civ. P. 37(c).
3      Hasbro bases this Application on this notice, the accompanying memorandum of
4  points and authorities in support thereof, the accompanying Declaration of Jeremy S.
5  Goldman ("Goldman Decl.") and exhibits thereto, the case record, and any such other
6  evidence as may be brought to the Court's attention.
7      In accordance with Local Rule 7-19.1 and the Court's Initial Standing Order, on
8  August 28, 2014, counsel for Hasbro orally advised counsel for Sweetpea of its intention
9  to apply *ex parte* for the order sought herein. *See* Goldman Decl., ¶2. By letter dated
10 August 20, 2014, Sweetpea indicated that it would oppose the Application and provided
11 the grounds for its opposition. *See* Goldman Decl., ¶3, Ex. A. The contact information
12 for Sweetpea's counsel is:

Patricia L. Glaser
G. Jill Basinger
David Sergenian
**Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP**
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Tel: 310-553-3000
Fax: 310-556-2920
Email: pglaser@glaserweil.com
       jbasinger@glaserweil.com
       dsergenian@glaserweil.com

Christopher G. Caldwell
Linda M. Burrow
**CALDWELL LESLIE & PROCTOR, PC**
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017-2463
Tel: 213-629-9040
Fax: 213-629-9022
Email: burrow@caldwell-leslie.com
       caldwell@caldwell-leslie.com

Dated: September 2, 2014

| | |
|---|---|
| FRANKFURT KURNIT KLEIN & SELZ P.C. | LAVELY & SINGER P.C. |
| BY: / S/ *Maura Wogan* <br>     Maura J. Wogan (admitted *pro hac vice*) <br>     Jeremy S. Goldman (admitted *pro hac vice*) <br> 488 Madison Avenue, 10th Floor <br> New York, NY 10022 <br> Tel: (212) 980-0120 <br> Fax: (212) 593-9175 <br> mwogan@fkks.com <br> jgoldman@fkks.com | BY: / S/ *Michael E. Weinsten* <br>     Michael E. Weinsten (No. 155680) <br><br> 2049 Century Park East, Suite 2400 <br> Los Angeles, CA 90067-2906 <br> Tel: (310) 556-3501 <br> Fax: (310) 556-3615 <br> mweinsten@lavelysinger.com |

## MEMORANDUM OF POINTS AND AUTHORITIES

On two prior occasions in this litigation, the Court has taken issue with Sweetpea's attempts to "hide the ball" from Hasbro by failing to disclose all relevant and necessary information at the appropriate time. *See* ECF No. 61 (denying Sweetpea's motion for summary judgment in part due to its refusal to allow Hasbro to conduct necessary discovery); ECF No. 184 (sanctioning Sweetpea under FRCP 37(c) for failing to disclose damage computations in its FRCP 26 initial disclosures). Indeed, the Court has likened such conduct by Sweetpea to "trial by ambush." *See* ECF No. 184 at 12:11.

Now, on the eve of trial, Sweetpea has once again attempted to severely prejudice Hasbro by making a ***last minute disclosure*** of ***critical*** information that was ***previously withheld*** – namely, Sweetpea's intent to present extensive trial testimony from Robert Barnes, an attorney whom Hasbro understood to be immaterial to this case, but who now purports in a declaration (filed last week) to have been the primary negotiator of the fundamental agreement at issue here.

Mr. Barnes was never disclosed as a witness in Sweetpea's Rule 26 initial disclosures. Nor was Mr. Barnes ever referred to or characterized as a material witness by Sweetpea during the discovery process. Indeed, Mr. Barnes was not even revealed as one of Sweetpea's witnesses until ***after*** the discovery-cut off had passed. Incredibly, when Hasbro then attempted to take Mr. Barnes' deposition, Sweetpea actually objected to the deposition as untimely and refused to make Mr. Barnes available. Now, less than three weeks from trial, Hasbro has been forced to seek *ex parte* relief on an issue that could and should have been addressed months ago, had Sweetpea merely been upfront and forthright regarding its intentions in this case.

For the reasons stated in more detail herein, Sweetpea's unjustified failure to timely and properly disclose Mr. Barnes as a witness in this case ***mandates*** preclusion of Mr. Barnes' testimony at trial under Federal Rule of Civil Procedure 37(c). Accordingly, Hasbro respectfully requests that the Court grant this Application.

# STATEMENT OF RELEVANT FACTS

### A. Hasbro Has Always Understood That Robert Barnes Had Limited, If Any, Involvement In The Negotiation of the Parties' Agreement.

This case arises in primary part out of Hasbro's allegation that certain motion picture sequel rights to the *Dungeons & Dragons* property, which previously were granted to Sweetpea pursuant to a license agreement and its amendments between the parties (the "Agreement"), reverted to Hasbro after Sweetpea failed to timely exercise those rights. Goldman Decl., ¶5. Accordingly, one of the fundamental issues to be adjudicated by the Court during the upcoming bench trial is the interpretation and scope of the Agreement's rights and reversion provisions. *Id.*

The relevant amendment to the Agreement (the "First Amendment") was the product of a 1998 mediation and subsequent negotiations between Sweetpea and Hasbro's predecessor in interest, TSR. Goldman Decl., ¶6. Although Sweetpea was represented at that mediation by both its transactional attorney <u>Sheri Jeffrey</u> and its litigation attorney <u>Robert Barnes</u>, Hasbro has always understood that Ms. Jeffrey was the primary player in the negotiations, and that Mr. Barnes' involvement was merely tangential. *Id.* Indeed, Mr. Barnes himself had sent a letter to that effect on May 7, 1998, in which he wrote to TSR's litigation attorney Bruce Isaacs:

> "As I have suggested many times before, you and I should **stay on the sidelines**, and the ***transactional lawyers*** and principals should be left to close the open issues…"

Goldman Decl., ¶6, Exh. B. Mr. Barnes' limited involvement in the negotiations is further confirmed by Lee Rosenbaum – the attorney who negotiated the Agreement for Hasbro – who has testified in his trial declaration that nearly all of his communications were with Ms. Jeffrey, <u>not</u> Mr. Barnes. *See* ECF No. 224-1 at ¶13; *see also* Trial Exhs. 26, 28, 29, 33-36, 38, 40-45, 47, 48, 50, 51, 56-58 and 60 (all correspondence relating to substantive negotiations of the First Amendment and unexecuted long-form agreement

between Jeffrey and Rosenbaum).[1]  Accordingly, until the filing of Mr. Barnes' declaration last week, Hasbro reasonably believed that Mr. Barnes had only ***limited knowledge*** regarding the negotiation of the First Amendment, and Hasbro had no reason to believe that Mr. Barnes would appear as Sweetpea's ***key witness*** on that topic.

### B.  *Sweetpea Did Not Disclose Robert Barnes As A Witness In Its Initial Disclosures Or During The Discovery Process.*

On July 7, 2013, the parties exchanged their initial disclosures pursuant to Federal Rule 26(a)(1). Goldman Decl., ¶7. With respect to the requirement of Rule 26(a)(1)(A)(i) to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses," ***Sweetpea disclosed a single individual***: its principal, Courtney Solomon. Goldman Decl., ¶7, Exh. C. Hasbro, in contrast, disclosed twelve different witnesses, including both of TSR's attorneys who had been present at the 1998 mediation. Goldman Decl. ¶7, Exh. D. ***To date, Sweetpea has never amended or supplemented its initial disclosures***. Goldman Decl., ¶7.

The discovery cut-off in this case was <u>November 29, 2013</u>. Goldman Decl., ¶8. Critically, at no point prior to this cut-off date did Sweetpea ever indicate that Robert Barnes was a witness to its case (material or otherwise), nor did Sweetpea ever indicate that Mr. Barnes' testimony would be presented at trial. *Id.* To the contrary, the information disclosed during discovery supported Hasbro's prior understanding that Mr. Barnes was only ***tangentially involved*** in the negotiation of the First Amendment, and that Sheri Jeffrey was the primary attorney who negotiated the First Amendment on Sweetpea's behalf. *Id.* For example, during Courtney Solomon's deposition, Mr. Solomon made only a ***single reference*** to Mr. Barnes, and that reference was merely in

---

[1] Most of these exhibits are annexed to the Declarations of Lee Rosenbaum and/or Robert Barnes filed on August 26, 2014.

the context of stating that Sheri Jeffrey was the "***main attorney***" negotiating the deal. *See* Goldman Decl., ¶8, Exh. E, at 433:9-10.

During discovery, Hasbro issued a subpoena for Ms. Jeffrey's deposition. Goldman Decl., ¶9. The decision to subpoena Ms. Jeffrey was based on Hasbro's understanding that Ms. Jeffrey had played the primary role in negotiating the First Amendment on Sweetpea's behalf. *Id.* Mr. Barnes responded to the subpoena on behalf of Ms. Jeffrey and directed counsel for Hasbro to deal with Sweetpea's counsel to schedule the deposition. Goldman Decl., ¶9, Exh. F.

For months, Hasbro attempted to schedule a date for Ms. Jeffrey's deposition, but with no success. Goldman Decl., ¶10. Finally, on January 27, 2014, Hasbro was informed by Sweetpea's counsel that Sweetpea would not be using Ms. Jeffrey as a trial witness. Goldman Decl., ¶10, Exh. G. Based on this representation, Hasbro withdrew its request for Ms. Jeffrey's deposition. Goldman Decl., ¶10. At no time did Mr. Barnes or Sweetpea's counsel (Glaser Weil) suggest that, in seeking to depose Ms. Jeffrey, Hasbro was barking up the wrong tree. *Id.*

### C. ***After The Discovery Cut-Off, Sweetpea Disclosed For The First Time Its Intent To Call Robert Barnes As A Trial Witness (But Did Not Disclose The Subject Matter Of His Testimony), And Refused To Make Mr. Barnes Available For Deposition.***

Only hours after advising Hasbro that it would not be calling Sheri Jeffrey as a trial witness, Sweetpea served Hasbro with its Local Rule 16-5 witness list, which disclosed *for the first time* that Sweetpea intended to call Robert Barnes as a trial witness (but did not identify the subject matter of Mr. Barnes' testimony). Goldman Decl., ¶11, Exh. H. Based on this newfound information, Hasbro's counsel promptly reached out to Sweetpea's counsel regarding the scheduling of Mr. Barnes' deposition. Goldman Decl., ¶12, Exh. I. In that email exchange, Hasbro's counsel specifically pointed out that "Mr. Barnes was not identified in your initial disclosures as a person with knowledge; and, until you served your witness list, we had no idea that Sweetpea intended to call Mr.

Barnes to testify at trial." *Id.* Notably, as part of that same exchange, Sweetpea's counsel wrote as follows: ***"Just like Sherry Jeffries [sic], if a witness is not made available for deposition, after their deposition has been noticed, <u>they cannot be called at trial</u>.*** *Id.* (emphasis added).

Although Hasbro promptly served a deposition subpoena on Mr. Barnes (noticing the deposition for February 26, 2014), Sweetpea filed objections to the subpoena on <u>February 20, 2014</u> and *refused* to make Mr. Barnes available for deposition. Goldman Decl., ¶13, Exhs. J-K. Despite having not even disclosed Mr. Barnes as a witness until after the discovery cut-off, Hasbro's sole basis for its objection was that "the Deposition Notice and Subpoena are untimely because they were served after the discovery cut-off date." *Id.*

By the time that Hasbro received Sweetpea's February 20, 2014 objection to Mr. Barnes' deposition, the motion *in limine* deadline of February 4, 2014 had already long passed. Goldman Decl., ¶14.

### D. *During the Three Month Period From March 24, 2014 Through June 27, 2014, Hasbro Reasonably Believed That The Parties Had Settled This Case.*

As the Court is aware, while this case was previously set for trial on March 25, 2014, the parties reached a settlement in principle on March 24, 2014. Goldman Decl., ¶15. Consequently, the trial was continued – first to April 1, then April 24, then July 1, and then September 16 – in order to provide the parties with sufficient time to finalize their settlement. *Id.*; *see also* ECF Nos. 193, 194, 197, 199 [Orders Continuing Trial Date]

During the ***more than three month period*** between March 24, 2014 and June 27, 2014, Hasbro operated on the belief that a final settlement was imminent. Goldman Decl., ¶16. Indeed, the parties advised the Court on June 24, 2014 that settlement discussions were progressing and near completion. *Id.* Accordingly, there was no reason

for Hasbro to address any substantive trial-based issues during this time period, and of course, Hasbro never waived its right to object to Mr. Barnes' testimony at trial.

The settlement process abruptly terminated on June 27, 2014, when Hasbro learned, for the first time, that for weeks, Sweetpea and Warner Brothers had been secretly negotiating an agreement that would effectively vitiate any settlement between Sweetpea and Hasbro. Goldman Decl., ¶17. The parties subsequently advised the Court on July 1, 2014 that no settlement had been reached, and this case once again proceeded to trial. *Id.*

### E. *On August 27, 2014, Sweetpea Indicated For The First Time That Robert Barnes Would Be Its Primary Trial Witness Regarding The Interpretation And Negotiation Of The First Amendment.*

**Until last week**, Hasbro still understood that Mr. Barnes was only minimally, if at all, relevant to the negotiation of the First Amendment. Goldman Decl., ¶18. Accordingly, notwithstanding Sweetpea's untimely disclosure of Mr. Barnes on its Local Rule 16-5 witness list, Hasbro did not reasonably anticipate that Mr. Barnes would be providing any material testimony regarding the 1998 mediation and/or negotiation of the First Amendment. *Id.*

However, on August 27, 2014, Sweetpea filed a detailed, 27 page declaration from Mr. Barnes. Goldman Decl., ¶18; ECF No. 212. In that declaration, Mr. Barnes effectively holds himself out as having been Sweetpea's lead negotiator for the First Amendment. *Id.* Moreover, despite the fact that the First Amendment was negotiated nearly two decades ago, Mr. Barnes purports in his declaration to have distinct memories of the 1998 mediation and the parties' discussions regarding key provisions of the First Amendment. *Id.* Thus, it now appears that Mr. Barnes will be Sweetpea's *prime witness* on the subject of the First Amendment's negotiation.

# ARGUMENT

### A. *Legal Standard*

The Federal Rules of Civil Procedure impose an affirmative duty on each party in a federal lawsuit to disclose in its initial disclosures "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). Such disclosures must reflect all information that is "reasonably available" to the disclosing party. FED. R. CIV. P. 26(a)(1)(E). "Reasonably available" means information known to a party, its agents and counsel, as well as information obtainable through reasonable investigation. FED. R. CIV. P. 26(a) adv. comm. notes.

A party also has a continuing obligation to timely "supplement or correct" its disclosures under Rule 26(e) if the party learns that a "disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e).

Rule 26 is designed to prevent the unfair surprise and prejudice that result when parties fail to meet their burden of timely disclosure. *See Vnus Med. Techs. Inc. v. Biolitec*, No. 08 Civ. 3129, 2010 WL 2629714, at *2 (N.D. Cal. June 2, 2010) ("Rule 26 and the Court's scheduling orders ensure the orderly completion of discovery and avoid unfair surprise and prejudice to litigants."); *In re Ingan*, No. 10 Bk. 10138, 2012 WL 3930328, at *4 (Bankr. C.D. Cal. Sept. 10, 2012) ("The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial").

Accordingly, Federal Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is ***not allowed*** to use that information or witness to supply evidence on a motion, at a hearing, or ***at a trial***, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1) (emphasis added). Rule 37(c) was intended to "provide[] a self-executing

sanction for failure to make a disclosure required by Rule 26(a) . . . ." FED. R. CIV. P. 37(c)(1) adv. comm. notes. "This *automatic* sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion...." *Id.* (emphasis added) *See also Hoffman v. Constr. Prot. Servs., Inc.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008) (Rule 37 contains a "'self-executing, automatic sanction'" without need for prior conference). "Unless the nondisclosure is 'harmless' or excused by 'substantial justification,' the court **must** impose this evidence preclusion sanction." Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 11:341 (The Rutter Group 2014) (emphasis added). Indeed, "[c]ourts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

### B. Because Sweetpea Failed To Timely Disclose Robert Barnes Under Rule 26, His Testimony <u>Must</u> Be Excluded From Trial Under Rule 37(c).

Here, Sweetpea failed to disclose Robert Barnes in its initial disclosures, and it never once supplemented or corrected those disclosures to include Mr. Barnes. If, as Mr. Barnes now contends in his extensive declaration, he has detailed personal knowledge of the negotiations of the First Amendment, that critical information surely must have been "reasonably available" to Sweetpea at the time of its initial disclosures. Yet, his name was never disclosed pursuant to Rule 26. For this reason alone, Mr. Barnes must be excluded under Rule 37(c).

Moreover, even looking past Sweetpea's inexcusable failure to disclose Mr. Barnes in its initial disclosures, Sweetpea further failed to disclose during the discovery process its now-apparent belief that Mr. Barnes played a primary role in the negotiation of the First Amendment. Indeed, Sweetpea's own principal, Courtney Solomon, testified that it was Sheri Jeffrey – <u>not</u> Mr. Barnes – who was the "main attorney" negotiating the First Amendment on Sweetpea's behalf. Such testimony was in accord with Mr. Barnes' own reference in his 1998 letter to being "on the sidelines" of the negotiations. Sweetpea

should not be allowed to identify Mr. Barnes at the eleventh hour as the primary negotiator of the First Amendment.

### C. Sweetpea's Failure To Timely Disclose Robert Barnes Was Neither "Harmless" nor "Substantially Justified."

Sweetpea's failure to timely disclose Mr. Barnes as a primary witness was far from "harmless." FED. R. CIV. P. 37(c)(1). To the contrary, if Mr. Barnes is now allowed to testify, Hasbro will be put in the prejudicial position of having to address and refute for the first time at trial purported "facts" of which it was never previously made aware, nor given the opportunity to address during the discovery process. Of course, had Mr. Barnes been disclosed as a material witness prior to the close of discovery, Hasbro could and would have propounded necessary discovery regarding his apparent involvement in the negotiations. Among other things, Hasbro would have subpoenaed documents in Mr. Barnes' possession, and would have obtained testimony and discovery early on from other witnesses and sources regarding Mr. Barnes' involvement. Instead, Hasbro now faces an effective "trial by ambush" (to use the Court's own terminology from its March 18, 2014 order sanctioning Sweetpea for failing to disclose its damages under Rule 26). *See* ECF No. 184 at 12:11.

Moreover, Sweetpea has no justification, let alone "substantial justification," for its ambush tactics. As already addressed above, Sweetpea must reasonably have known of Mr. Barnes' role in the negotiations of the Agreement at the time when it filed its initial disclosures, and yet it still failed to disclose Mr. Barnes. **There simply is no justification for such an omission.**

Although Sweetpea now apparently contends that it was Hasbro that failed to timely exercise its rights here (*see* Goldman Decl,. ¶4, Ex. A), the *actual facts* indicate otherwise. In particular, by the time that Mr. Barnes was disclosed as one of Sweetpea's trial witnesses on January 27, 2014, the discovery cut-off had already passed, and Hasbro thus was precluded as a matter of law from conducting necessary and critical discovery regarding Mr. Barnes' involvement in the negotiation of the Agreement. Then, when

Hasbro attempted to take Mr. Barnes' deposition, Sweetpea objected to the deposition as untimely. Moreover, Hasbro cannot be faulted for failing to make a prior motion *in limine* to exclude Mr. Barnes, given that Sweetpea's objections to Mr. Barnes' deposition were not even made until February 20, 2014 – **after** the motion *in limine* deadline had already passed. Hasbro similarly cannot be faulted for failing to take any action regarding Mr. Barnes' testimony during the more than three month period earlier this year when the parties were engaged in seemingly productive settlement talks. In any event, Hasbro was not even remotely apprised of Mr. Barnes' alleged knowledge and involvement of the First Amendment's negotiations until **last week**, when it first received Mr. Barnes' surprisingly-extensive declaration.

In sum, Sweetpea's conduct was neither harmless nor justified, and therefore an order precluding Mr. Barnes from testifying is warranted here. Indeed, the only reasonable conclusion that can be drawn from Sweetpea's conduct here is that Sweetpea intentionally misled Hasbro into believing that it would rely on Sheri Jeffrey at trial and deliberately neglected to disclose Mr. Barnes as Sweetpea's true trial witness in order to prevent Hasbro from obtaining relevant and necessary discovery. Given Sweetpea's documented history of "hide the ball" tactics in this case, it should not be afforded the benefit of any doubt at this juncture.

### D. *Sweetpea Cannot Avoid Rule 37(c) Sanctions By Now Offering To Make Robert Barnes Available For Deposition.*

After receiving Hasbro's notice of this Application, Sweetpea offered to make Mr. Barnes available for a last minute deposition. However, it simply does not make sense for Hasbro to take Mr. Barnes deposition at this late juncture, with trial less than two weeks away and with no opportunity for Hasbro to conduct follow up discovery based on new facts disclosed during Mr. Barnes' deposition. Indeed, it would not be fair to force Hasbro's counsel to divert resources away from trial preparation in order to prepare for a last-minute deposition – especially in light of the fact that Hasbro's counsel are in New York, and therefore would have to take three days away from their trial preparation to

travel to California for the deposition. In any event, the effectiveness of a deposition of Mr. Barnes at this point would severely be diminished by the fact that Sweetpea has already had him sign a detailed trial declaration. Accordingly, his testimony would likely amount to nothing more than a calculated recitation of that testimony. Thus, Sweetpea's "too little too late" attempt to preserve Mr. Barnes as a trial witness must be rejected.

## CONCLUSION

For the foregoing reasons, Hasbro's *ex parte* application should be granted in its entirety and Sweetpea should be precluded from offering trial testimony from Robert Barnes.

Dated: September 2, 2014

FRANKFURT KURNIT KLEIN & SELZ P.C.

BY: / S/ *Maura Wogan*
    Maura J. Wogan (admitted *pro hac vice*)
    Jeremy S. Goldman (admitted *pro hac vice*)

488 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 980-0120
Fax: (212) 593-9175
mwogan@fkks.com
jgoldman@fkks.com

LAVELY & SINGER P.C.

BY: / S/ *Michael E. Weinsten*
    Michael E. Weinsten (No. 155680)

2049 Century Park East, Suite 2400
Los Angeles, CA 90067-2906
Tel: (310) 556-3501
Fax: (310) 556-3615
mweinsten@lavelysinger.com

*Attorneys for Plaintiffs Hasbro, Inc. and Wizards of the Coast LLC*