GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
PATRICIA L. GLASER, State Bar No. 55668
  *pglaser@glaserweil.com*
G. JILL BASINGER, State Bar No. 195739
  *jbasinger@glaserweil.com*
DAVID SERGENIAN, State Bar No. 230174
  *dsergenian@glaserweil.com*
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
Telephone:  (310) 553-3000
Facsimile:  (310)556-2920

CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, State Bar No. 106790
  *caldwell@caldwell-leslie.com*
LINDA M. BURROW, State Bar No. 194668
  *burrow@caldwell-leslie.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendant SWEETPEA
ENTERTAINMENT, INC. and
Defendant/Counterclaimant
SWEETPEA B.V.I. LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HASBRO, INC., et al.,<br><br>            Plaintiffs,<br><br>       v.<br><br>SWEETPEA ENTERTAINMENT, INC., et al.,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 13-CV-03406-DMG (JCGx)<br><br>**DECLARATION OF DAVID SERGENIAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO EXCLUDE ROBERT BARNES AS A TRIAL WITNESS**<br><br>Hon. Dolly M. Gee<br><br>Trial Date:  September 16, 2014<br>Time:          8:30 a.m.<br>Crtrm.:        7 |

## DECLARATION OF DAVID SERGENIAN

I, DAVID SERGENIAN, declare and state as follows:

1. I am an attorney admitted to practice in the State of California and a member of the bar of this Court. I am an attorney at Glaser Weil Fink Howard Avchen & Shapiro LLP, co-counsel for Defendant Sweetpea Entertainment, Inc. and Defendant/Counter-Claimant Sweetpea B.V.I. Ltd (collectively, "Defendants"). I submit this declaration in support of Defendants' Opposition To Plaintiffs' *Ex Parte* Application To Exclude Robert Barnes As A Trial Witness (the "Opposition"). I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called as a witness in this matter.

2. I have represented Defendants for the duration of this lawsuit. As a result, I am very familiar with all the discovery disputes, meet-and-confer efforts, and litigation to date. Of particular relevance here, I have been involved in the dispute with Plaintiffs' counsel over Mr. Barnes' testimony since it arose earlier this year.

3. Prior to January 2014, Plaintiffs never asked Defendants whether they intended to call Mr. Barnes as a witness.

4. From January 29, 2014 through August 28, 2014 (when Plaintiffs first threatened to seek *ex parte* relief), Plaintiffs' position (as communicated to Defendants) was that if Defendants were to call Mr. Barnes as a witness, then Plaintiffs should have the opportunity to depose him.

5. In the six months following this Court's denial of Defendants' motion to exclude Mr. Rosenbaum's testimony, Plaintiffs took no steps to arrange for Mr. Barnes's deposition, despite Defendants' unequivocal statement that they intended to call Mr. Barnes if Mr. Rosenbaum was also permitted to testify.

6. After Plaintiffs received Mr. Barnes' trial declaration, Plaintiffs communicated their position, for the first time since January 2014, that his testimony should be excluded. In response, in a letter to Plaintiffs' counsel on

4822-1618-6142

August 29, 2014 (attached as Exhibit A to the *Ex Parte* Application), Defendants agreed to make Mr. Barnes available for deposition, and offered to provide several dates when Mr. Barnes would be available prior to the trial. Plaintiffs refused Defendants' offer.

7. As of August 29, 2014, Mr. Barnes was available to be deposed on September 4, 5, 8, and 12, 2014 (at a minimum). As far as I am aware, he remains available to be deposed on these dates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 3, 2014, at Los Angeles, California.

*David Sergenian*
DAVID SERGENIAN