UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-03406 DMG (JCGx) | Date | September 4, 2014 |
| Title | *Hasbro, Inc., et al. v. Sweetpea Entertainment, Inc., et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)        Attorneys Present for Defendant(s)

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S *EX PARTE* APPLICATION TO EXCLUDE ROBERT BARNES AS A TRIAL WITNESS [Doc. # 228]**

On September 2, 2014, Plaintiffs Hasbro, Inc., and Wizards of the Coast LLC (collectively, "Hasbro") filed an *ex parte* application to exclude Robert Barnes as a trial witness. [Doc. # 228.]  On September 3, 2014, Defendants Sweetpea Entertainment, Inc. and Sweetpea B.V.I. Ltd. (collectively, "Sweetpea") filed an opposition.  [Doc. # 244.]

Hasbro moves to exclude Barnes, one of Sweetpea's witnesses, on the ground that Sweetpea failed to disclose him as a material witness as required by Federal Rule 26(a). (P's App. at 1.)

Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."  Under Rule 26(e), "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"  The Ninth Circuit has noted that Rule 37(c), "implemented in the 1993 amendments to the Rules, is a recognized broadening of the sanctioning power" and "[c]ourts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

In considering whether to impose sanctions, or whether a party's failure to provide information was substantially justified or harmless, courts consider factors that include "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-03406 DMG (JCGx) | Date | September 4, 2014 |
| Title | *Hasbro, Inc., et al. v. Sweetpea Entertainment, Inc., et al.* | Page | 2 of 2 |

party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010) (unpublished) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).  The party facing sanctions has the burden of proving that its failure was substantially justified or harmless.  *R&R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

To the extent that Sweetpea seeks to rely on evidence that it was required to disclose pursuant to Rule 26(a) and (e), but failed to disclose, it will be subject to Rule 37(c) sanctions unless it demonstrates that its failure was substantially justified or harmless.  Sweetpea argues that its failure to disclose Barnes pursuant to Rule 26(a) and (e) was harmless because Hasbro had notice that Barnes could testify at least as of January 26, 2014, when Sweetpea served its Local Rule 16-5 witness list, [Doc. # 138].  (Opp'n at 3 [Doc. # 244].)  Hasbro did not seek at that time, by filing a motion *in limine* by the February 4, 2014 motion *in limine* deadline, to exclude Barnes for Sweetpea's failure to disclose Barnes by the discovery cutoff deadline.  (*Id.*)  Hasbro also did not object to Barnes in the parties' proposed Final Pretrial Conference Order, which Hasbro helped draft, nor did it object to Barnes at the February 25, 2014 Final Pretrial Conference.  [Doc. # 132-1.]  Further, Barnes is listed as a witness on the Joint Trial Witness Time Estimate Form, which Hasbro filed on February 4, 2014.  [Doc. # 127.]  Thus, Hasbro was aware that Barnes could be a witness starting about seven months ago, and had ample opportunity to depose him.  Sweetpea has therefore met its burden of demonstrating that its failure to disclose Barnes in its initial disclosures was harmless.

Hasbro contends that Sweetpea first disclosed on August 26, 2014 – only 21 days before trial – its intent "to present extensive trial testimony from Robert Barnes, an attorney whom Hasbro understood to be immaterial to this case, but who now purports in a declaration (filed last week) to have been the primary negotiator of the fundamental agreement at issue here."  (P's App. at 1.)  To the extent that Hasbro is arguing that Barnes should be excluded because it was unaware Barnes would be an important witness rather than a witness at all, the fact that Hasbro allotted three hours to cross-examine Barnes on the Joint Trial Witness Time Estimate Form it filed in February undermines its argument.  [Doc. # 127.]

Accordingly, Hasbro's *ex parte* application to exclude Barnes as a trial witness is **DENIED**.  Hasbro is granted leave to depose Barnes inasmuch as Sweetpea has offered to make him available for deposition prior to trial.

**IT IS SO ORDERED.**