**MAURA J. WOGAN** (admitted *pro hac vice*)
**JEREMY S. GOLDMAN** (admitted *pro hac vice*)
**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
488 Madison Avenue, 10th Floor
New York, NY 10022
Telephone: (212) 980-0120
Facsimile: (212) 593-9175
E-Mail:  mwogan@fkks.com
          jgoldman@fkks.com

**MICHAEL E. WEINSTEN** (SBN 155680)
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
E-Mail:  mweinsten@lavelysinger.com

Attorneys for Plaintiffs HASBRO, INC.
and WIZARDS OF THE COAST LLC

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASBRO, INC., a Rhode Island corporation; and WIZARDS OF THE COAST LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> SWEETPEA ENTERTAINMENT, INC., a Delaware corporation; and SWEETPEA B.V.I. LTD., a British Virgin Islands corporation, <br><br> Defendants. | Case No.: CV 13-03406-DMG (JCG) <br><br> [HON. DOLLY M. GEE] <br><br> **PLAINTIFFS' FIRST SUPPLEMENTAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** <br><br> Trial Date: September 16, 2014 |
| SWEETPEA B.V.I. LTD., <br><br> Counter-Claimant, <br><br> vs. <br><br> HASBRO, INC., and WIZARDS OF THE COAST, LLC, <br><br> Counter-Defendants. | |

Pursuant to Paragraph I.C.4 of the Court's Scheduling and Case Management Order re Court Trial [ECF 201], Plaintiffs Hasbro, Inc. and Wizards of the Coast, LLC (together, "Hasbro") hereby submit their First Supplemental Proposed Findings of Fact and Conclusions of Law.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Hasbro's Proposed Findings of Fact and Conclusions of Law [ECF 220].

# I

# PROPOSED FINDINGS OF FACT RELATING TO SWEETPEA'S ARGUMENT THAT THE NOTICE AND CURE PROVISIONS OF PARAGRAPH 19(B) OF THE LICENSE AGREEMENT PREVENT THE REVERSION OF THE SEQUEL RIGHTS

1.     Sweetpea had no obligation to produce any "sequels" or "remakes" pursuant to Paragraph 6 of the First Amendment.  *See* Trial Ex. 12 ¶ 14(a) ("Nothing contained herein shall be construed to obligate [Sweetpea] to produce, distribute, release, perform or exhibit any motion picture, television program, or other production based upon, adapted from or suggested by the Property, in whole or in part, or otherwise to exercise, exploit or make use of any of the rights, licensees [sic], privileges, or property herein granted to Licensee.").

2.     Sweetpea's obligation to pay Hasbro one of the amounts specified in Paragraphs 7, 8 or 9 of the First Amendment would have arisen only if Sweetpea had commenced principal photography of a sequel or remake intended for initial release in the U.S. by means of a theatrical or non-theatrical distribution.  *See* Trial Ex. 37 ¶¶ 6-9; Toll Decl. ¶ 53.

3.     Sweetpea's obligation to pay Hasbro one of the amounts specified in Paragraphs 7, 8 or 9 of the First Amendment did not arise upon the commencement of principal photography of *The Book of Vile Darkness* because that motion picture was neither (a) a sequel or remake, nor (b) intended for initial release in the U.S. by means

1

of theatrical or non-theatrical distribution. *See* Trial Ex. 131 (Sweetpea's agent Grayson (via Silver Pictures) paid Hasbro $20,000 with note stating that payment was being made pursuant to paragraph 11(d) of the First Amendment, which governs television movies of the week).

4.     Hasbro was not obligated, pursuant to Paragraph 19(b) of the License Agreement, to notify Sweetpea of its failure to pay Hasbro the Non-Theatrical Rights Payment upon the commencement of principal photography of *The Book of Vile Darkness*, or to give Sweetpea ten business days after such notice to "cure" any non-payment, because Sweetpea's payment of $20,000 to Hasbro on October 7, 2010 represented an exercise of Sweetpea's *Television* Rights pursuant to Paragraph 11(d) of the First Amendment, not a breach or event of default of Sweetpea's payment obligations pursuant to Paragraph 9 of the First Amendment. Trial Ex. 12 ¶¶ 14(a), 19(b); Trial Ex. 37 ¶¶ 6-11; Trial Ex. 131.

## II

### PROPOSED FINDINGS OF FACT RELATING TO SWEETPEA'S AFFIRMATIVE DEFENSES OF WAIVER, ESTOPPEL AND LACHES

5.     At all relevant times, Sweetpea's agent Grayson represented to Hasbro that *The Book of Vile Darkness* was a motion picture intended for initial release on the Syfy cable television network. *See* ECF 220 ¶ 157.

6.     Upon the commencement of principal photography of *The Book of Vile Darkness*, Sweetpea's agent Grayson paid Hasbro a $20,000 rights payment accompanied by a notice stating that the money was being paid pursuant to Paragraph 11(d) of the First Amendment, which governs television movies of the week. *See* Trial Ex. 131.

7.     Hasbro had no knowledge of Sweetpea's claim that the production of *The Book of Vile Darkness* represented an exercise of Sweetpea's Sequel Rights pursuant to Paragraph 6 of the First Amendment, as opposed to an exercise of its Television Rights

2

pursuant to Paragraph 10 of the First Amendment, until Sweetpea's counsel took that position in a letter delivered to Hasbro's counsel on May 2, 2013.  Trial Ex. 285.

8.     There is no evidence that Hasbro voluntarily or intentionally relinquished its right to seek a declaration that the Sequel Rights reverted to Hasbro.

9.     There is no evidence that Hasbro's conduct in connection with the development, production and exploitation of *The Book of Vile Darkness*, which at all times was represented to be an exercise of Sweetpea's Television Rights, was so inconsistent with an intent to seek a declaration that the Sequel Rights reverted, as to induce a reasonable belief by Sweetpea that Hasbro had relinquished its right to seek such a declaration.  *See* ECF 220 ¶ 157.

10.     There is no evidence that, in connection with the development, production and exploitation of *The Book of Vile Darkness*, which at all times was represented to be an exercise of Sweetpea's Television Rights, Hasbro made any statements or engaged in any conduct with the intent to mislead Sweetpea into believing that it had satisfied the conditions required to prevent the reversion of the Sequel Rights.  *See* ECF 220 ¶ 157.

11.     Hasbro did not unreasonably delay in bringing this lawsuit on May 13, 2013 for a declaration that the Sequel Rights reverted because Hasbro had no knowledge of Sweetpea's claim that it continued to hold the Sequel Rights until Sweetpea's counsel took that position in a letter delivered to Hasbro's counsel on May 2, 2013.  *See* Trial Ex. 285.

### III

### PROPOSED FINDINGS OF FACT RELATING TO HASBRO'S
### <u>AFFIRMATIVE DEFENSE OF FAILURE OF CONDITION PRECEDENT</u>

12.     Pursuant to the Agreement, the parties agreed that Hasbro's duty to cooperate with Sweetpea pursuant to Paragraph 4(c) of the License Agreement and Paragraph 14(d) of the First Amendment does not arise unless, and until, Hasbro or its

3

licensee first exploits Hasbro's reserved rights under the Agreement (*e.g.*, by promoting publicly or distributing a motion picture based on Hasbro's reserved rights). Trial Ex. 12 ¶ 4(c); Trial Ex. 37 ¶ 14(d).

13.     Hasbro has neither exploited, nor authorized any third party to exploit, Hasbro's reserved rights under the Agreement.  JSAF ¶ 46.

14.     Hasbro has neither developed nor produced any motion picture based on its reserved rights under the Agreement, nor does Hasbro have any definite plans to distribute any motion pictures that have not yet been developed or produced based on its reserved rights.  *See* Order re Parties' Motion for Partial Summary Judgment [ECF 154] at 21.

15.     Any duty upon Hasbro to cooperate with Sweetpea pursuant to Paragraph 4(c) of the License Agreement or Paragraph 14(d) of the First Amendment has not arisen because none of Hasbro's reserved rights under the Agreement have been exploited.

Dated: September 9, 2014          FRANKFURT KURNIT KLEIN & SELZ P.C.


                                  BY:  / S/ *Maura Wogan*
                                       MAURA J. WOGAN
                                       JEREMY S. GOLDMAN


Dated: September 9, 2014          LAVELY & SINGER P.C.


                                  BY:  / S/ *Michael E. Weinsten*
                                       MICHAEL E. WEINSTEN

                                  *Attorneys for Plaintiffs Hasbro, Inc. and*
                                  *Wizards of the Coast LLC*