**MAURA J. WOGAN** (admitted *pro hac vice*)
**JEREMY S. GOLDMAN** (admitted *pro hac vice*)
**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
488 Madison Avenue, 10th Floor
New York, NY 10022
Telephone: (212) 980-0120
Facsimile: (212) 593-9175
E-Mail: mwogan@fkks.com
         jgoldman@fkks.com

**MICHAEL E. WEINSTEN** (SBN 155680)
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
E-Mail: mweinsten@lavelysinger.com

Attorneys for Plaintiffs HASBRO, INC.
and WIZARDS OF THE COAST LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HASBRO, INC., a Rhode Island corporation; and WIZARDS OF THE COAST LLC, a Delaware limited liability company,<br><br>        Plaintiffs,<br>    vs.<br><br>SWEETPEA ENTERTAINMENT, INC., a Delaware corporation; and SWEETPEA B.V.I. LTD., a British Virgin Islands corporation,<br><br>        Defendants.<br><br>_____<br><br>SWEETPEA B.V.I. LTD.,<br><br>        Counter-Claimant,<br><br>    vs.<br><br>HASBRO, INC., and WIZARDS OF THE COAST, LLC,<br><br>        Counter-Defendants. | Case No.: CV 13-03406-DMG (JCG)<br><br>[HON. DOLLY M. GEE]<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF TO EXCLUDE PLAINTIFFS FROM CALLING MICHAEL EISNER, BENNETT SCHNEIR, AND JON GIBSON AS REBUTTAL WITNESSES**<br><br><br>Trial Date: September 16, 2014 |

Defendants' attempt to exclude Plaintiffs' rebuttal witnesses *completely misses the point* of what Plaintiffs are trying to accomplish here – namely, Plaintiffs are *not* attempting to offer testimony from Michael Eisner, Bennett Schneir, and Jon Gibson (the "Rebuttal Witnesses") that will already have been or should have been offered during Plaintiffs' case-in-chief.  Rather, Plaintiffs are merely *reserving their right* to have those individuals *rebut* any questionable testimony presented *during Defendants' case-in-chief*.  Such is the *very point* of rebuttal testimony.  *See* Jones, Rosen, Wegner, & Jones, *Cal. Prac. Guide: Fed. Civ. Trials & Ev.* §9:376 (The Rutter Group 2014) ("Proper rebuttal evidence is that offered to disprove evidence offered during the other party's case-in-chief, rather than merely reiterating matters previously covered in the party's own case-in-chief.").

Indeed, while Defendants' primary contention appears to be that Plaintiffs failed to comply with the Court's Scheduling and Case Management Order Re Court Trial ("Scheduling Order") by filing deposition transcripts and/or trial declarations from the Rebuttal Witnesses, *the Scheduling Order contains no such requirement*.  Rather, the Scheduling Order merely provides that "witness declarations" and/or "deposition testimony" are to be used "*in lieu of <u>direct</u> testimony*." (ECF No. 201) (emphasis added).[1]  Thus, because Plaintiffs are *not* presenting "direct testimony" from the Rebuttal Witnesses, Plaintiffs were *not* obligated to file deposition transcripts and/or trial declarations with the Court.  In any event, such a practice would be completely non-sensical, as Plaintiffs will not even know what issues (if any) will need to be rebutted until <u>after</u> Defendants have completed their case-in-chief.[2]  Stated otherwise, whether and

---

[1] Local Rule 43-1 similarly provides: "In any matter tried to the Court, the judge may order that the *direct testimony* of a witness be presented by written narrative statement subject to the witness' cross-examination at the trial." (emphasis added).

[2] Because Plaintiffs are not attempting to put on direct testimony from the Rebuttal Witnesses, it is *irrelevant* that the Rebuttal Witnesses were previously deposed and that two of the Rebuttal Witnesses are employed by Plaintiffs.

how Plaintiffs employ any testimony from the Rebuttal Witnesses will depend on how Defendants present their case-in-chief.

Notably, Defendants' cited cases do not support their position, and are completely inapplicable to the facts at bar. For example, in *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999), **unlike here**, both of the plaintiff's proposed rebuttal witnesses had **already been called** during the plaintiff's case in chief, and had even been questioned on **the exact same subject matters** that were proposed for rebuttal. Thus, the court logically found that any rebuttal testimony from those witnesses would be unnecessarily "repetitive." *Id.* at 86. Similarly, in *U.S. v. Clark*, 617 F.2d 180, 187 (9th Cir. 1980), the trial court precluded the defendant from **recalling** one of its own witnesses to provide a "repetition of previous testimony." – which is not what Plaintiffs are attempting to do here. *See also Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 791 F.2d 288, 293-94 (4th Cir. 1986) (plaintiff was precluded from **recalling** its own witnesses after having already presenting 10 weeks of direct testimony). And in *Daly v. Far Eastern Shipping Co. PLC.*, 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), the rebuttal witness at issue was not even disclosed by the plaintiff until the last day of trial, and his testimony would have merely reiterated points that had already been addressed at length during the plaintiff's case-in-chief. Here, in contrast, the identities of the Rebuttal Witnesses were not only properly disclosed to Defendants, but their testimony will be properly limited to matters not already addressed during Plaintiffs' case in chief.[3]

---

[3] Defendants' other cases are similarly inapplicable here. *U.S. v. Pheaster*, 544 F.2d 353, 383 (9th Cir. 1976) merely set forth the general principal that "[d]ecisions concerning the use of rebuttal evidence lie within the sound discretion of the trial court, " while *Geders v. U.S.*, 425 U.S. 80, 86 (1976) merely reiterated that "[w]ithin limits, the judge may control the scope of rebuttal testimony." However, neither case discussed or described the factual basis for precluding the rebuttal witnesses at issues. Moreover, the Court in *U.S. v. Perez*, 491 F.2d 167, 173 (9th Cir. 1974) actually held that rebuttal testimony **was properly admitted** to address facts raised during the defendant's case in chief.

For the foregoing reasons, Defendants' request to exclude the Rebuttal Witnesses should be denied.

Dated: September 17, 2014

| FRANKFURT KURNIT KLEIN & SELZ P.C. | LAVELY & SINGER P.C. |
|---|---|
| BY: / S/ *Maura Wogan*<br>    Maura J. Wogan (admitted *pro hac vice*)<br>    Jeremy S. Goldman (admitted *pro hac vice*) | BY: / S/ *Michael E. Weinsten*<br>    Michael E. Weinsten (No. 155680) |
| 488 Madison Avenue, 10th Floor<br>New York, NY 10022<br>Tel: (212) 980-0120<br>Fax: (212) 593-9175<br>mwogan@fkks.com<br>jgoldman@fkks.com | 2049 Century Park East, Suite 2400<br>Los Angeles, CA 90067-2906<br>Tel: (310) 556-3501<br>Fax: (310) 556-3615<br>mweinsten@lavelysinger.com |

*Attorneys for Plaintiffs Hasbro, Inc. and Wizards of the Coast LLC*